WALTER B. BRYANT, ADMINISTRATOR OF ESTATE OF MARGARET BUFORD, Defendant in Error, *v.* S. C. McCUNE *et al.*, EXECUTORS OF JAMES BUFORD, Plaintiffs in Error.

1. *Dower properly real estate.* — The term "dower" properly refers to the interest of the widow in the real estate of the deceased.

2. *Dower — Household furniture, etc , not dower estate — Construction of statute.* — The household furniture, provisions, etc., allowed the widow by statute (Wagn. Stat. 88, § 33), are no part of her dower proper. She has an absolute property, and not a life estate, in them.

3. *Dower — Devise in will not taken in lieu of by implication.* — A devise or bequest in favor of the wife, contained in the will of the husband, will never be construed by implication to be in lieu of dower. The design to substitute the one for the other must be unequivocally expressed

*Error to Ralls Circuit Court.*

*G. W. Shields*, for plaintiffs in error.

I. "If it is manifest from a fair construction of the will that the testator intended the bequest to be in lieu of dower, the widow cannot accept the bequest and also claim dower as allowed by law." (Pemberton v. Pemberton, 29 Mo. 412–13 ; Brant's Will, 40 Mo. 277–8 ; Coke Just., Halg. & Thom., 567, 569.)

II. Section 33 of the administration law (Wagn. Stat. 88) is not an absolute, arbitrary provision vesting the property therein named in the widow, but it is a part of her dower by law — an additional power allowance — a part and parcel of the maintenance allowed by law to the widow for herself and children. (Hastings v. Meyers, 21 Mo. 519, 521.)

*O. H. P. Ledford*, for defendant in error.

Section 33 of the administration law is a provision made by the statute for the widow, and is beyond the control of the husband or his creditors. The right to the property vests in the widow the moment the husband dies, against the heir of the husband — against the world.

The first section of the act concerning wills expressly prohibits the husband from disposing by will of the property passing by law at his death to the wife, and the presumption is that the

husband only intended to dispose of that property of which he had the lawful right to dispose. Hence the will should not be construed to dispose of this property, claimed as absolute, to the wife or any one else.

Bliss, Judge, delivered the opinion of the court.

Defendant's testator devised and bequeathed to his wife the plaintiff's intestate, a large portion of his estate, real and personal, to hold during her life, and died without issue. In a few weeks, and before the probate of the will, his widow also died, and the present controversy has arisen between the representatives of the two estates in regard to the property to which she was entitled, in addition to dower, by section 33 *et seq.*, chapter 121, Gen. Stat. 1865 (Wagn. Stat. 88).

The term "dower" is sometimes applied to any interest in the estate of the husband given by law; and Judge Scott, in Hastings v. Meyers' Adm'r, 21 Mo. 519, seems to use it in this sense, but it properly refers to the interest of the widow as such in his lands. It is to dower proper, or at most to her interest in the realty given in the act concerning dower, that reference is made in section 15 of the same act, which radically changes the rule of the common law, and provides that a devise of real estate shall be deemed to have been made in lieu of dower, unless the contrary intention be declared.

The allowance to the widow of household furniture, provisions, etc., is no part of her dower proper, although it partakes of its nature, in being absolute without regard to the claims of creditors (Hastings v. Meyers' Adm'r), and also without regard to the husband's right of disposition by will. This allowance is for the immediate sustenance of the widow, as is dower for her support during life; yet it differs from it in that it is made from the personalty owned at his death, and it becomes her absolute property. The argument, then, that this property was disposed of by the general language of the will, and that she took only a life estate in it under the will, has no foundation in fact.

It is urged that the testator must have intended that his wife should receive and hold what was given by the will in lieu of

dower, and in lieu of her statutory right to the property in dispute. But there is no indication in the will that she was expected to surrender anything, and in the language of Gardner, J., in Sheldon v. Bliss, 8 N. Y. 31, "it is an established principle that a provision in the will of a husband in favor of the wife will never be construed by implication to be in lieu of dower, or any other interest in his estate given by law; the design to substitute one for the other must be unequivocally expressed." The statutory allowance then under consideration was the same as the one in the case at bar; and though, as we have seen, our statute changes the common law in regard to dower proper, where there is a devise of land, yet there is no change as applied to this very necessary allowance to the widow. (As to the implication spoken of, see Foster v. Cook, Brown's Ch., Am. ed., 347 and notes; also 2 Redf. Wills, 738–9, and cases cited.)

The Circuit Court correctly held that the property in dispute was the absolute property of the widow, and went to her administrators; but, instead of making a final disposition of the matter, remanded it to the Probate Court, from which the case had come by appeal. If the facts were all before the court it should have given a full judgment; yet its failure to do so is not error, and its action is affirmed. The other judges concur.