————o————

MARY CUMMINGS, Plaintiff in Error, *vs.* MARION CUMMINGS, Defendant in Error.

1. *Dower*—$400 *worth of personal property widows' absolutely.*—The four hundred dollars worth of personal property to which the widow is entitled under the administration law. (W. S. 88, § 35), is hers absolutely; is part of her dower and does not depend on her election.

2. *Dower—Widow, application of for* $400 *worth personal property— Sale of property—Claim of widow on proceeds.*—There is no formality about-

the application of the widow to the $400 worth of personal property to which she is entitled under the administration act. (W.'S. 88, ⸹35.) It need not be in writing. After its sale she will still be entitled to $400 of the proceeds, provided she makes her application prior to its distribution or payment for debt The words "appraised value," used in that section, were only designed as a means of valuation in case the widow chose specific articles.

3. *Dower—Personal property—Notes and bonds.*—The "personal property" to which the widow is entitled under the administration law (W. S., 88, ⸹ 35) includes notes and bonds as well as property of the description ordinarily sold at administrators' sale.

### *Error to Cass County Circuit Court.*

*Terrill & Matthews,* for Plaintiff in Error.

Notes, bonds and bills are such personal property as the law (W. S., 88, § 35,) contemplates in giving a widow four hundred dollars out of the personal property belonging to the estate of her deceased husband.

*Johnson & Botsford,* attorneys for Defendant in Error.

I. In allowing the widow to choose the additional personal property not exceeding the appraised value of $400, the statute (W. S., 88, § 35) obviously contemplates *choses in possession,* but not *choses in action.*

II. The terms of the statute, "appraised value" plainly exclude *choses in action* not susceptible of an accurate appraisment. The intention of the legislature was to allow the widow to retain such articles of personal property as might be of peculiar value to her. The construction of section 35, which limits the same to choses in possession, finds support in section 36, which provides for the choice being made before the personal property is "distributed or sold." This language could not have any application to choses in action, which under the administration law are never "distributed or sold," but which must be sued upon by the administrator and him alone.

III. The application was defective in not specifying the particular personal property she had chosen, even if she was entitled to the allowance claimed out of choses in action. While the widows' right under section 35, to personal prop-

Mary Cummings, v. Marion Cummings.

erty to the appraised value of $400, is not dependent on an election by her. (Hastings vs. Myers,' Adm'r., 21 Mo., 519) yet in the absence of such election she cannot receive specific articles of property, but will receive the amount in money. (1 W. S., 88, § 37.)

SHERWOOD, Judge, delivered the opinion of the Court.

This was an application by Mary Cummings, widow of James Cummings, deceased, "for personal property of said estate to the amount of four hundred dollars." On the hearing of the application by the Common Pleas Court of Cass County, (a court possessed of probate jurisdiction), it appeared in evidence that there was then of the estate of the decedent, notes, money, etc., in excess of $3,000, including the promissory note of the administrator himself, which, inclusive of interest, amounted to over the sum of $700. It was also shown by the sale bill, that the personal property had been sold for $140 60. This was all the testimony. The court refused to grant the application, and after moving unsuccessfully for a new trial, the applicant carried the case by writ of error, to the Circuit Court of Cass County, where the judgment of the Common Pleas Court being affirmed, she brings her case here by writ of error.

The application in this case is based upon §§ 35, 36, and 37, p. 88, Vol. 1 W. S., which are identical, save as to amount, with §§ 30, 31 and 32, of the administration law of 1845, under which it was held by this court in Hastings vs. Myers', Administrator, 21 Mo., 519, that the right of the widow to $200 worth of personal property, was *absolute*, did not depend upon her election, vested immediately upon the death of her husband; was part of her dower, expressly made so by law, and in case the personal property of the estate was converted into money, and the widow died without receiving her portion of $200, her administrator would be entitled to receive such money against creditors of her husband's estate.

There is no formality about the application, nor need it be in writing, nor will it be construed with technical nicety. It,

however, the application be not made until after sale of the property, the court must order the money arising from the sale, to be paid to the applicant. And the right of the widow will not be at all affected, because she applies for personal property after the same has been converted into money, provided she make her application prior to its distribution or payment for debt. The words "appraised value," in § 35, *supra.*, were only designed as a means of valuation, in case the widow chose specific articles.

It has been urged here in argument that the term " personal property," employed in the last named section did not embrace choses in action, but merely property of that description which is ordinarily, the subject of administration sale; but that term is of a much wider signification. (2 Bouv. L. Dict., 394).

The law favors uniformity. The legislature certainly never intended that the widow's right in this regard, should depend upon the accident of her husband's dying possessed of horses or cattle, instead of notes and bonds. But the act in question is too plain for further comment; *perspicua vera non sunt probanda.*

The judgment is reversed and the cause remanded to the Common Pleas Court of Cass county. The other judges concur.