REGISTER et al., Appellants, v. HENSLEY.

1. **Homestead :** EFFECT OF CHANGE OF STATUTE : WIDOW'S RENUNCIATION OF HUSBAND S WILL. The widow's right of homestead in her husband's lands becomes fixed upon his death and is not affected by a subsequent change of the statute, occurring before she applies to have the homestead set apart. Nor does it matter that he left a will, by the terms of which, she took a different estate in the lands from what she would be entitled to under the homestead act, and she made no renunciation of its provisions until after the change in the statute, provided she did make a renunciation within twelve months after his death, as allowed by section 16 of the dower act. Wag. Stat., p. 541.

2. **Widow's Allowance :** RENUNCIATION OF WILL. When a widow is entitled under her husband's will to precisely the same amount

of personal property that she would take under the administration law, (Wag. Stat , § 35, p. 88,) and she actually receives it, the fact that upon subsequently renouncing the provisions of the will, she does not surrender the property to the administrator, will not invalidate the renunciation. As soon as the renunciation is made, her right to the property becomes absolute under the law.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Allen H. Vories* for appellants.

1. The devise to Mrs. Register was in lieu of dower, as the will did not otherwise provide. Wag. Stat., § 16, p. 541. The will vested in her a life estate until she availed herself of the provisions of the 16th section and renounced the devise in her favor. This could only be done by an election in writing. Hence, she held under the will until her renunciation was made, and had not the election been made, she would have continued to hold a life estate in the land in controversy. The will created the interest in the land, and it required her election to change that interest or the nature of the estate. This election was not made and declared until August, 1875. Her husband died in October, 1874. Under the amendment of the homestead act which had taken place in the interval, (March 18th, 1875,) the widow took a homestead for life only, instead of one in fee. But as it required the election to vest in her the homestead estate, and such election creating an interest different from or other than the devise, no interest could pass until the election was made, which determined the character of the estate. Hence, the law of 1875, being in force at the date of Mrs. Register's election, is the law by which her homestead is governed, instead of the law in force when her husband died. *Hamilton v. O'Niel*, 9 Mo. 11; *United States v. Grundy*, 3 Cranch 337; 1 Coke on Lit-

tleton, p. 523; *Matney v. Graham*, 50 Mo. 564; *Welch v. Anderson*, 28 Mo. 298.

2. By her election Mrs. Register renounced all the provisions of the will in her favor, both land and personal property. But prior to that time she had elected to take under the will, and had received of the personal property $400 worth, which she continued to hold as her own, and never offered to return. She cannot hold a part and renounce the balance. If the widow renounce the will, she must restore what she has received under it. 2 Story Eq. Juris., §§ 1077, 1088 to 1097. In *Bretz v. Matney*, 60 Mo. 444, the widow had not received any part of the legacy or done any act inconsistent with her right to renounce, by which any one had been or could have been injured. *Newman v. Hook*, 37 Mo. 207; *Rutherford v. Tracy*, 48 Mo. 325; *Moreman v. Talbot*, 55 Mo. 392; *Watson v. Watson*, 28 Mo. 302.

*Silas Woodson* and *Thomas & Tyler* for respondents.

The law in force at the death of Francis Register vested in his widow an absolute title in fee. *Skouten v. Wood*, 57 Mo. 399; *Gragg v. Gragg*, 65 Mo. 346; *Brown v. Brown*, 68 Mo. 388. Her right to a homestead did not grow out of her renunciation of the will, but existed prior to such renunciation, by virtue of law, as an incident to the marriage contract. *Burke v. Barron*, 8 Iowa 134; *Russell v. Rumsey*, 35 Ill. 374. When the will was admitted to probate the widow had the undoubted right to reject its provisions in her favor and take a fee simple title to the land in controversy under the law, or accept its provisions for her benefit and take a life estate under the will. Not only this, but she had by statute twelve months in which to fully advise herself as to what her rights were under the law. The appellants contend that she lost these rights, not by any act of omission or commission on her part, but by virtue of a statute subsequently passed, within the twelve

months, and that this subsequent statute took away the right of election by giving the widow the same estate in the lands that the will gave her. This is beyond the legislative power. *Riddick v. Walsh,* 15 Mo. 537; *Kennerly v. Mo. Ins. Co.,* 11 Mo. 209.

2. The personal property devised to the widow and delivered to her, did not exceed in value $400; and upon the renunciation of the will this property remained absolutely hers. The renunciation did not change in any respect her right or title to the personalty, which was as absolute under the law as under the will. It simply changed the source from whence she derived that title; hence the law does not require the nugatory act of returning the property to the administrator and then receiving it back from him. The right to it was absolute and vested in her immediately upon the death of her husband. *Hastings v. Myers,* 21 Mo. 519; *Bryant v. McCune,* 49 Mo. 546.

NORTON, J.—This was an action of ejectment to recover from defendants a tract of land in Buchanan county, in the State of Missouri. The petition is in the usual form. Defendants answered, putting in a general denial. The case was tried on an agreed statement of facts, which is as follows:

That prior to October, 1874, Francis Register was the owner in fee simple of the land in controversy, and lived on the same, having his dwelling house there; that prior to that time he had married one Matilda Hensley, who survived him as his widow; that in October, 1874, said Register died, leaving plaintiffs, who were adults and married, as his only children by a former wife; that said deceased left a will, by which he devised to his wife, Matilda, for and during her natural life, the land in controversy; also, as her absolute property, a large amount of personal property worth $400, and all the balance of his property he devised to plaintiffs; that in the month of October, 1874, said will was duly proved up, and letters of admin-

istration, with the will annexed, were granted by the probate court of the proper county in October, 1874, to one John C. Register; that the personal property under the will, which was devised to his wife, was immediately turned over to her, and which she never returned or offered to return to the administrator, or any one else; that in August, 1875, said widow, in due form of law, executed an instrument in writing, which was filed in the probate court of Buchanan county, in which court said letters had issued, renouncing all the provisions of said will in her favor; that in August, 1875, after such renunciation, she petitioned the probate court of Buchanan county, aforesaid, to set apart her homestead and dower in the real estate of her husband; that her husband had died seized and possessed of 240 acres of land in said Buchanan county; that said probate court, upon said petition, appointed commissioners to set off to said widow her homestead and dower in said lands, who set off the land in controversy as the homestead of said widow, valued at $1,500, and reported that she was not entitled to dower in the balance of the land of the deceased, as the land in controversy was worth one-third as much as all the balance of said lands; that neither the petition of the widow, the order of appointment nor report of the commissioners, nor the order of the court made in the premises, discloses whether the widow claimed or owned, or was to occupy the said homestead for life or in fee; that said widow occupied the land so set apart to her as her homestead from August, 1875, to about November, 1875, when she died intestate, leaving as her only heirs the defendants, who were living with her on said land at her death, and who still occupy the same, claiming no right in the land except the interest said widow had in it; that before this suit was commenced, plaintiffs gave defendants more than three months notice to give them possession of said land; that the rents and profits of the land, since the death of said widow, are reasonably worth $100 per annum, and still are worth the same.

13—70

Upon the foregoing facts the court rendered judgment for the defendants, from which the plaintiffs have appealed to this court.

The main question which the facts agreed upon present is, whether the estate of Mrs. Register in the land sued for is to be measured by the law governing homesteads in existence at the time of the death of her husband, Francis Register, which occurred in October, 1874, or by the act amending the homestead law passed March 18th, 1875. (Acts 1875, p. 60.) The law as it existed when Francis Register died vested in his widow the same estate in the homestead of which he was seized at the time of his death. The act of March, 1875, so amended the homestead law as to vest in the widow only a life estate in the homestead of which the husband died seized. We are of the opinion that the estate taken by Mrs. Register in the homestead is to be governed by the law in force at the time of the death of her husband, and as he died seized of a fee simple estate, that she took the fee. The fact that she did not make her election and renounce the provisions of the will till after the act of March, 1875, was passed, such election having been made within twelve months after probate of the will, did not affect her right to take such estate as the law in existence at the time of her husband's death invested her with. The will would have that effect only in the event that she did not renounce the provisions made therein within the time prescribed by law for making and filing such renunciation. Nor could the act of March, 1875, have the effect of changing or altering the estate vested in her at the time of her husband's death. Her right in the homestead accrued at the death of her husband, and the Legislature could as well take away her right altogether as reduce it from a fee simple to a life estate. *Burke v. Barron*, 8 Iowa 134; *Russell v. Rumsey*, 35 Ill. 374; *Rid dick v. Walsh*, 15 Mo. 537. In the latter case Judge Scott observed : " Every estate within our knowledge has been

1. HOMESTEAD: effect of change of statute: widow's renunciation of husband's will.

Register v. Hensley.

administered upon the supposition that the law existing at the time of the dissolution of the contract by death, regulates the right of the widow."

It is insisted that the circumstance of the widow receiving $400 worth of personal property, before she filed her renunciation of the will, and which she did not return, amounts to an election to take under the will. In Wag. Stat., § 35, p. 88, it is provided that the widow may take such personal property as she may choose, not to exceed the appraised value of $400. Mrs. Register was, therefore, entitled, under the law, to personal property of precisely the same value as that which she received, and when she renounced the provisions of the will her right to it became absolute under the law, and the mere fact of her not returning the property to the administrator could not have the effect of defeating her election to take under the law instead of under the will, especially when according to the agreed statement of facts she did, in fact, renounce all the provisions of the will, and when, if the property had been returned to the administrator she would have, under the law, the right to have demanded of the administrator its immediate restoration to herself. Had Mrs. Register accepted all the provisions, notwithstanding such acceptance her right to renounce the provisions of the will within twelve months after its probate, would still remain. This was expressly decided in the case of *Bretz v Matney, Ex'r.,* 60 Mo. 444. Judgment affirmed, in which all concur.

*2. WIDOW'S ALLOW-ANCE: renunciation of will.*