HASENRITTER v. HASENRITTER, *Executor, Appellant.*

1. **Administration**: WIDOW'S ALLOWANCE: WILL. The husband has no power by will to dispose of the articles which by section 33, page 88, Wagner's Statutes, are allowed to the widow as her absolute property.

2. ——: ——: ——. A provision in the will of the husband in favor of the wife, will never be construed by implication to be in

lieu of dower or any other interest in his estate given by law : the design to substitute one for the other must be unequivocally expressed.

*Appeal from Gasconade Circuit Court.*—Hon. A. J. Seay, Judge.

Affirmed.

This is a proceeding instituted in the probate court of Gasconade county by Fredericka Hasenritter, widow of Chas. W. Hasenritter, by motion, against R. H. Hasenritter, executor of the last will of Chas. W., to require him to pay her the sum of $400 in lieu of her dower in his personal estate, and a compensation in lieu of one year's provisions. The executor defended on the ground that the deceased had in his last will made other provision for her, and she had accepted the provision so made. At the trial it appeared that in 1871 deceased insured his life for $1,000 in the Odd Fellows' Insurance Association for the benefit of his wife; that his wife then living was Bertha A. Hasenritter; that said Bertha subsequently died, and deceased then married the said Fredericka; that deceased had children of the first marriage, but none of the second. It also appeared that deceased left a will, the provisions of which were as follows: 1. A direction for the payment of his debts. 2. "The insurance on my life in the Odd Fellows' Insurance Association, payable to my wife, Fredericka, I will and bequeath to her, free from all debts, and my said wife is to have her dower in all real property according to law." 3. "The balance of my estate, of whatever kind, real or personal," the testator directed to be divided among his children. It also appeared that the widow had received the $1,000 from the insurance association. The probate court ordered the executor to pay the widow the sums found to be due her, and the circuit court affirmed the judgment.

*Smith & Krauthoff* and *L. Hoffman* for appellant.

That the testator designed the $1,000 to be all of his widow's interest in his estate, is made clear by the language immediately following the bequest; "The balance of my estate, of whatever kind, real or personal, I wish to have divided," etc., among his children. It is clear that he intended to give all the balance of his estate, of whatever kind, to his children. This balance included the widow's dower interest in his personalty. Having already given her a large portion of his personal estate, it cannot, consistently with the terms of the will, be held that he had any idea of giving her any further interest in or portion of it. If possible, this intention is still more apparent from the fact that he expressly devises to his widow her dower in his real estate. The rule of construction in such cases is, that where there are more than one thing belonging to the same class, the expression of one or more of them is the exclusion of all not expressed. 2 Pars. Cont., 515. Hence, the positive devise of her dower interest in his real estate must be construed as a negativing of a similar interest in his personalty.

*Rudolph Hirzel* for respondent.

SHERWOOD, J.—In *Hastings v. Myers*, 21 Mo. 519, it was held that the right of a widow to $200 worth of personal property was absolute, did not depend upon her election, and vested immediately upon the death of her husband. This ruling was based upon what is now sections 35, 36 and 37, page 88, Wagner's Statutes, and it was followed in *Cummings v. Cummings*, 51 Mo. 261. The present application is based not only on the section referred to, but upon section 33 of the same article, which declares that "in addition to dower, the widow shall be allowed to keep, as her absolute property, a family bible,      *      *      all grain, meat, vegetables, groceries and other provisions on

hand * * not to exceed the value of $500." And section 34 next thereafter, provides that if such grain, meat or other provisions shall not be on hand at the time of making the inventory, the ·court shall make a reasonable appropriation out of the assets of the estate to supply such deficiency. It seems quite clear that a construction equally favorable to the widow should be given section 33. And this is especially true, as that section declares in express terms that the* property therein mentioned shall be the absolute property of the widow, *i. e.*, requiring no election on her part, in order to secure it. This being true, it must needs follow that the property or the proceeds thereof, claimed in the present application, were not subject to be disposed of by the will of the applicant's deceased husband.

In *Bryant v. McCune*, 49 Mo. 546, where the testator bequeathed to his wife a large amount of both real and personal property to hold during her life, and she having died a contest arose as to who was entitled to the property embraced in section 33, *supra*, it was said : " The argument then, that the property was disposed of by the general language of the will, and that she took only a life estate in it under the will, has no foundation in fact. It is urged that the testator must have intended that his wife should receive and hold what was given her by the will in lieu of dower and in lieu of her statutory right to the property in dispute. But there is no indication in the will that the wife was expected to surrender anything, and in the language of Gardner, J., in *Sheldon v. Bliss*, 8 N. Y. 31 : " It is an established principle that a provision in the will of the husband in favor of the wife will never be construed by implication to be in lieu of dower, or any other interest in his estate given by law; the design to substitute one for the other must be unequivocally expressed." There are no such unequivocal expressions in the will of the testator in the case at bar. We might presume, we might surmise, that the testator intended in his will to dis-

pose of his property in the manner defendant asserts, but this is no case for surmises or presumption. The cases cited are consequently decisive of this one, and, therefore, judgment affirmed. All concur.