Mowser v. Mowser.

87 437
103 361
87 437
51a 244
87 437
64a 303
87 437
82a 366
87 437
88a 426
88a 434
87 437
173 ²215
87 437
e102a¹412

Mowser v. Mowser, *Administrator*, *Appellant*.

1. **Ante-Nuptial Agreement** : CONSIDERATION : EVIDENCE. A parol ante-nuptial agreement between husband and wife, that, upon the death of either, the other should claim no interest in the estate of the deceased, is not admissible against the widow in a suit by her for the allowance given her by Revised Statutes, section 107, where she has received nothing as a consideration for the alleged agreement.

2. **Husband and Wife** : DOWER, CONTRACT IN LIEU OF. It is against public policy to allow a man by an agreement before marriage, which does not secure to the wife after his death a provision for her support during her life, to bar her right to dower.

3. **Widow, Allowance for** : STATUTE. The four hundred dollars allowed the widow by Revised Statutes, section 107, is an absolute provision for her own use to be disposed of as she may see proper, and she is entitled to it regardless of whether or not there are children of the marriage or the deceased left a family.

4. ———— : ———— : ABANDONMENT OF HUSBAND BY WIFE. The widow is entitled to the allowance provided for by Revised Statutes, section 107, where she remained the wife of the deceased to the time of his death, although she may have abandoned him without sufficient cause.

*Appeal from Bollinger Circuit Court.*—HON. J. D Fox, Judge.

AFFIRMED.

*Cahoon & Whybark* for appellant.

(1) A parol ante-nuptial agreement not to claim any interest in each other's property, acted upon by the parties after marriage, has been held to be binding upon them. 2 Story's Equity (2 Ed.) sec. 987 *a*, p. 187, note 3; *Southerland v. Southerland*, 5 Bush (Ky.) 591; *Naill. v. Maurer*, 25 Md. 532. If this be true, plaintiff is barred by the agreement from claiming any interest in

the estate of her deceased husband. *Logan v. Philips*, 18 Mo. 23 : Thompson on Homesteads, sec. 942 ; *Klenke v. Koeltz*, 75 Mo. 239. (2) Sections 105, 106, 107, etc., of article four, chapter one, of the Revised Statutes are in *pari materia* and, to be construed together, and from the provisions of section 105, it is clear that the legislature had in view the family of the deceased and not the widow alone, at least the widow as the remaining head of the family. The plaintiff at the death of her husband was neither a member of his family nor its remaining head. *Dobson v. Butler*, 17 Mo. 87 ; Thompson on Homesteads, secs. 75, 76, 935, 936, 937. (3) It is admitted by the defendant that the cases of *Cummings v. Cummings*, 51 Mo. 261 ; *Hastings v. Meyer*, 21 Mo. 519 ; *Brown v. Brown*, 68 Mo. 389 ; *Whitehead v. Tapp*, 69 Mo. 415 ; *State ex rel. Steers v. Taylor*, 72 Mo. 656 ; *Griffin v. Canning*, 54 Mo. 282, are strong and appear to be against the above positions, but it is believed that none of them presented the questions involved in this case and the plaintiff under the circumstances is not entitled to the benevolence of the statute.

*Holladay & Smith* for respondent.

(1) The wife received nothing in consideration of the so-called ante-nuptial agreement. *Johnson v. Johnson*, 23 Mo. 562. Such agreements are contrary to public policy. 3 Kent's Com. 76. But if it were within the spirit of the law, it is void because not in writing. R. S., secs. 3280, 3281, 3282 ; *Logan v. Philips*, 18 Mo. 22. . The statute of frauds has a material bearing upon all such cases. Schouler's Dom. Rel. 266. To a petition by a widow to the probate court for an allowance out of her deceased husband's estate it is no defence that by marriage contract she had released all claim for her distributive share. *Blackinton v. Blackinton*, 110 Mass. 461 ; *Hancock v. Hancock*, 19 Pick. 167. (2) The prop-

erty given to the widow is her absolute property and vests in her immediately upon the death of the husband. 21 Mo. 519 ; *State ex rel. v. Taylor*, 72 Mo. 650 ; 54 Mo. 282. Respondent stands here in the attitude of a doweress, having made no election in the premises to take a child's part. *Griffith v. Canning*, 54 Mo. 282 ; *Cummings v. Cummings*, 51 Mo. 261 ; Thompson on Homesteads, 745, last part sec. 943. (3) The wife was entitled to the allowance given her by section 107, Revised Statutes, although she had abandoned her husband, and was living separate and apart from him at the time of his death. She was still his lawful wife. *Brown v. Brown*, 68 Mo. 389 ; *Whitehead v. Tapp*, 69 Mo. 415.

HENRY, C. J.—This proceeding originated in the probate court of Bollinger county and was an application by the widow of Elisha Mowser, deceased, under section 107, Revised Statutes, which is as follows : "In addition to the above, the widow may take such personal property as she may choose, not to exceed the appraised value of four hundred dollars, for which she shall give a receipt."

It was admitted that plaintiff, Ada, was the lawful wife of the deceased, of good reputation for chastity and in all respects a lady of fair name ; that she made her application in due time and that the property is on hand, and the resistance to the allowance is based upon the following admitted facts : That she and deceased were married on the twelfth day of August, 1880, and continued to live together as husband and wife from that date until February 7, 1881, when Mrs. Mowser abandoned her husband without any cause, he having treated her with kindness and affection and provided her with a comfortable home and abundant support. That at her marriage she had several hundred dollars in money, and, prior to the marriage, it was agreed between her and Mowser that it was to remain her sole and separate

estate ; that during the coverture, he frequently borrowed money of her and repaid it, never controlling or claiming the right to control it ; that when she left him he had living with him five minor children by a former wife, ranging from three to fifteen years of age. That she took with her all her separate estate, and the only reason she assigned for leaving him was that she had her own family to look after, consisting of three sons, one of age and married, and others almost grown and in good health.

A witness testified to a portion of the above facts, and defendant also offered to prove by this witness that Mr. and Mrs. Mowser, upon their intermarriage, agreed on the death of either the other should not claim any interest in the estate of the deceased. This, on objection of plaintiff, was excluded. The probate court refused her application and the plaintiff appealed to the circuit court which rendered a judgment in her favor, from which defendant has appealed.

The circuit court committed no error in excluding the testimony offered to prove the parol agreement alleged between Mr. and Mrs. Mowser. She received nothing as a consideration for the alleged agreement. Her money was secured to her by section 3296, Revised Statutes. Section 2201 provides that: " If any woman, prior to and in contemplation of marriage, shall, in agreement or marriage contract with her intended husband, or other person, receive any estate, either real or personal, to take effect after the death of her husband, by way of jointure, as a provision for her support during life, and expressed to be in full discharge of all her claim of dower, such estate shall be va'id, and a bar to dower in the estate of her husband." Even if a parol agreement can be allowed to defeat dower, the widow must receive under it, real or personal property as a provision for her support during life ; it is against public policy to allow a man, by an agreement before

marriage, which does not secure to the wife a provision for her support during life after his death, to bar her right to dower. The statutes sanction no such agreement.

The abandonment by plaintiff of her husband did not impair her right to the provision claimed. The four hundred dollars allowed her by section 107 is an absolute provision for the widow, and she is entitled to it whether there are children of the marriage or not, or whether the deceased left a family or not. It is not given to the widow for the benefit of herself and her children, or the children of the deceased, but to her for her own use to be disposed of as she may see proper, and notwithstanding she abandoned her husband and without any sufficient reason, still she is entitled to the property or its value claimed by her. She was his wife to the day of his death. The court will not try divorce suits after one of the parties to the marriage is dead. But Mowser had no grounds for a divorce from his wife while he lived. She left her home in February, 1881, and he died in September of the same year. An abandonment is no cause for a divorce until it has continued for the space of one year. The judgment is affirmed. All concur.