JOHANNA PIERCE, Appellant, v. WILLIAM GEORGER, Respondent.

St. Louis Court of Appeals, April 24, 1888.

JURISDICTION, APPELLATE—ASSIGNMENT OF DOWER.—The St. Louis Court of Appeals has no appellate jurisdiction over a suit by a widow for an assignment of her dower in real estate, and the cause must be transferred to the Supreme Court.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Transferred to the Supreme Court.*

EDMOND A. B. GARESCHÉ, for the appellant.

H. N. WELLS and M. KINEALY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The respondent has filed a motion to dismiss the appeal in this cause for want of jurisdiction, because the action concerns the title to real estate. The action is brought by a widow to have dower assigned to her out of certain described land which the defendant acquired through mesne conveyances from her deceased husband. If she succeeds in her action she will be entitled, under the statute (Rev. Stat., sec. 2186), to have set apart to her one-third of the described land to hold and enjoy during her natural life. It is, therefore, obvious that she is suing to recover an interest in the real estate of her deceased husband, which is the legal definition of dower at common law, which is the dower of the statute under which she is proceeding. *Bryant v. McCune*, 49 Mo. 546. This interest is a life estate in a portion of the defendant's land. Her action, therefore, does not merely *affect*, but it necessarily *involves*, title to real estate in the same sense, *pari passu*, as an action of ejectment does. The question of dower or no dower directly arises upon the record, and it is the only question in the case. It arises upon the allegation of her petition that, in the deed by which her late husband parted with his title to the land in controversy, "she did not join with him, by acknowledgment or otherwise," etc.; and whether she did so join with him was the only issue in the case. This being so, this court has, under the late constitutional amendment changing its jurisdiction, no cognizance of this appeal, and we must, therefore, transfer it to the Supreme Court. Laws of 1885, p. 121. The fact that both parties have submitted the cause on its merits upon printed arguments does not affect the question of our duty to transfer the cause to the proper tribunal; since we have no jurisdiction over the subject-matter of the action, and a want of jurisdiction over the subject-matter cannot be waived.

All the judges concurring, it is ordered that this cause be transferred to the Supreme Court.