MARY A. GLENN, Respondent, v. WILLIAM A. GUNN, Exr., Appellant.

St. Louis Court of Appeals, April 9, 1901.

1. **Administration: ALLOWANCE FOR WIDOW OUT OF ESTATE OF DECEASED.** The statutory provision (section 105, Revised Statutes 1899) for a year's support for the widow and children does not depend on the husband's testacy or intestacy, solvency or insolvency. It is theirs, absolutely.

2. ———: ———: **CREDITORS: BEQUESTS.** And creditors can not seize it nor should bequests defeat it.

Glenn v. Gunn.

Appeal from Pike Circuit Court.—*Hon. David Henry Eby, Judge.*

AFFIRMED.

### STATEMENT OF THE CASE.

This is an application by the widow of W. H. Glenn, deceased, to the probate court for an appropriation from the assets of said deceased in the hands of his executor to supply a deficiency in the grain, meat and other provisions allotted to her by section 105, Revised Statutes 1899, which were not on hand when the inventory was taken. She was opposed because of the following provisions of the decedent's will, which we suppose were accepted: "All of my personal property of whatever kind, I give and bequeath to my wife, Mollie A., and my two daughters, Jennie J. and Mary Nonie. Also all of my real estate, wherever situated in this or any other State, and out of the proceeds of my personal and real property, I want all my just debts all paid and it is my expressed will and decree that my said wife and my said two daughters shall share and share alike in my real and personal property, after the paying all my just debts, and I will to my son Edward A. Glenn, for his own use and benefit, the sum of one dollar, to be paid out of the proceeds of the sale of my personal property or collections made from same." Both the probate and circuit courts sustained the application and ordered that plaintiff be allowed three hundred and sixty dollars out of the assets.

*Ball & Sparrow* for appellant.

The widow, under the provision of the will herein, can not hold under both the will and the statute law of the State. She must let loose of the one or the other. Brant's Will, 40

Mo. 266. In construing the will in the above case Judge WAGONER, said, at foot of page 277, and top of page 278: "A widow may always refuse to take under a will as devisee or legatee, and fall back on her claim for statutory dower, but she can not claim under the will and the statute at the same time. She must make her election, and claim under one and reject the other." Pemberton v. Pemberton, 29 Mo. 408. The court holds, in an opinion by Judge SCOTT, that a widow can not take under both the will and statute. The above case is quoted approvingly in Schorr v. Etling, 124 Mo. 42.

*John W. Matson* for respondent.

(1) Under the agreed statement of facts, the allowance in favor of the widow is correct. Hasenritter v. Hasenritter, 77 Mo. 162; In re Klostermann case, 6 App. 314; Schoeneich v. Reed et al., 8 Mo. App. 356-362; Campbell v. Whitsett, 66 Mo. App. 444; 1 American Law of Administration (Woerner 1 Ed.), p. 160, sec. 77; id, p. 171, sec. 82. (2) The widow is entitled to the allowance, whether she stands by the will or renounces it, and the questions of election does not arise in this cause. The allowance is for the immediate benefit of the widow and she has a year in which to renounce the will, if she so desires, and then, too, such renunciation does not apply to the personal property involved in this cause, or in cause numbered 8142 in this court, wherein this respondent is appellant. Hastings v. Myerrs, Adm'r, 21 Mo. 519; Bryant Adm'r, v. McCune, 49 Mo. 546; Cummings v. Cummings, 51 Mo. 261.

GOODE, J.—The judgment is right. The will cuts no figure. This statutory provision for a year's support for the widow and children does not depend on the husband's testacy

or intestacy, solvency or insolvency. It is theirs absolutely— given to them by the wise and humane sentiments of an enlightened age, out of compassion for their hapless state when the bread-winner is lost. Creditors can not seize nor should bequests defeat it. The law makes no difference between the indigent and the opulent in respect to this bounty. The terms of the will speak no wish to take away this right, and it is doubtful if a clearly manifested purpose to do so would be effective. The respondent was entitled to what she asked. Hastings v. Meyer's, Adm'r, 21 Mo. 519; Griswold v. Mattix, 21 Mo. App. 285; Cummings v. Cummings, 51 Mo. 261; Miller v. Stepper, 32 Mich. 192; Moore v. Moore, 48 Mich. 271; Ward v. Wolf, 56 Iowa 465; McReary v. Robinson, 12 Sneed. & M. 318; Baldy's Appeal, 40 Pa. St. 328; Compher v. Compher, 25 Pa. St. 31; Peeble's Estate, 157 Pa. St. 605; Watts v. Watts, 38 Ohio St. 480; Heirs of Sawyer, 28 Vt. 245; Meech v. Weston, 33 Vt. 561; Smith v. Smith, 76 Ind. 236; Shipman v. Keys, 127 Ind. 353; Vedder v. Saxton, 46 Barb. 188; Williams v. Williams, 5 Gray (Mass.) 24; Baker v. Baker, 57 Wis. 382; Collier v. Collier, 3 Ohio St. 375; Kimball v. Denning, 5 Ired. 420; Turner v. Turner, 30 Miss. 430.

The judgment is affirmed. All concur.