IUZEFA TURR, Administratrix of Estate of POW-
ELL TURR, v. TERMINAL RAILROAD AS-
SOCIATION, Appellant.

### Division Two, March 4, 1919.

1. **APPEAL: Statutory.** Appeals are matters wholly governed by
statute, and where there is no statute allowing an appeal none lies.

2. ————: **Voluntary Nonsuit: Reinstatement.** An appeal from the
action of the circuit court in refusing to set aside an order
re-instating upon the docket a case wherein, at the same term, a
voluntary nonsuit was taken, does not fall within any of the
classes of cases mentioned in the statute (Sec. 2038, R. S. 1909),
and consequently does not lie.

Appeal from St. Louis City Circuit Court.—*Hon., J.
Hugo Grimm,* Judge.

APPEAL DISMISSED.

*T. M. Pierce, J. L. Howell* and *W. M. Hezel* for
appellant.

The court erred in setting aside the voluntary non-
suit taken by plaintiff. (1) Because when a voluntary
nonsuit is taken plaintiff abandons the suit, and it is
ended. Karnes v. American Fire Ins. Co., 53 Mo. App.
439; Chouteau v. Rowse, 90 Mo. 195; Wiethaupt v. St.
Louis, 158 Mo. 659; Mason v. Railroad, 226 Mo. 226;
Simpson v. Brock, 40 S. E. (Ga.) 226; Murray v.
M'Dougall, 3 N. J. Law. 512; Manning v. Insurance
Company, 176 Mo. App. 684. (2) Because though it be
held that the court during the term can control its
orders and judgments, it does not appear that the action
of the court was *ex mero motu,* but was based on the
plaintiff's motion, and there was nothing assigned in
the motion to appeal to the court's discretion, and it
abused its discretion in setting aside the voluntary non-
suit over defendant's objections. 1 Cook on Stock and

Stockholders   (3 Ed.), p. 28, sec. 6, and 424; Rich-
mond & I. Covs. Co. v. Richmond N. I. & B. R. Co., 68
Fed. 105;   Stove v. C., E & St. Louis Ry., 202 N. Y.
352, 35 L. R. A. 770; Pullman Palace Car Co., 115
U. S. 587; Interstate Commerce Com. v. Stickney, 215
U. S. 108.

. *Wm. Sacks* and *S. C. Rogers* for respondent.

(1) The court did not err in setting aside the volun-
tary nonsuit taken by plaintiff.   (a) Because the ques-
tion of setting aside a nonsuit was within the breast
of the court until the end of the term at which the
ruling or action was had.   Rottmann v. Schmucker, 94
Mo. 139;   Randolph v. Sloan, 58 Mo. 155;   Carr v.
Dawes, 46 Mo. App. 598.   (b)   Because the appeal was
premature, there being no final judgment, and the statute
gives no right of appeal from such order.   Sec. 2038, R.
S. 1909;   State ex rel. Merrill v. Burns, 66 Mo. 227;
Halsey v. Meinrath, 54 Mo. App. 335;   Carr v. Dawes,
46 Mo. App. 598;   Heish v. Weisberger, 44 Mo. App.
506;   Smith & Keating I. Co. v. Wheeler, 27 Mo. App.
16;   Kidder v. Wright, 72 Mo. App. 378;   Creech v.
Young, 94 Mo. App. 90;   Bogges v. Cox, 48 Mo. 278;
Lyons & Reesman v. Rollinson, 109 Mo. App. 68; Blanch-
ard v. Wolff, 1 Mo. App. 520.

FARIS, J.—Plaintiff sued defendant for the al-
leged tortious killing of her husband by one whom she
averred to have been an employee of defendant.   Hav-
ing failed, as she deemed, to prove upon the trial that
the person who killed her husband was in fact the ser-
vant of defendant at the time her husband was killed,
she took a *voluntary* nonsuit.

Afterwards, at the same term, plaintiff filed her
motion to set aside this nonsuit and re-instate the case
upon the trial docket; which motion the court *nisi*
sustained.   Thereupon, and at the same term, but nine
days after the case was thus re-instated upon the

docket, defendant filed its motion to vacate the order re-instating the same. This motion the court over-ruled, and *from the latter order overruling the defendant's motion to vacate the order of re-instatement,* the defendant took and now prosecutes its appeal.

Since no statement of the facts adduced upon the trial will in any degree shed light upon the questions up for ruling, we deem it unnecessary to lengthen our views by a recital of these facts. There are but two points made in the case; one of these is raised by the defendant, and the other by the plaintiff.

Defendant, who is the appellant here, insists that the trial court had neither authority nor discretion to allow a re-instatement of the case after plaintiff upon a failure of her proof had taken a voluntary nonsuit. Without squarely meeting this proposition, plaintiff in-sists that an appeal will not lie from the action of the trial court in refusing to vacate the order re-instating the case upon the docket after plaintiff had voluntarily taken a nonsuit therein. So stand the contentions, and it is obvious that since by plaintiff's contention our jurisdiction to entertain this appeal is attacked, we must *in limine* determine the question raised, which is: Will an appeal lie from the trial court's action in re-fusing to vacate an order re-instating a cause where plaintiff therein from lack of proof takes a voluntary nonsuit?

Our statute which prescribes the cases wherein ap-peals lie reads thus:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or re-ceivers, or dissolving an injunction, or from any inter-locutory judgments in actions of partition which de-termine the rights of the parties, or from any final

judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket." [Sec. 2038, R. S. 1909.]

It is fairly obvious that an appeal from the action of the circuit court in refusing to set aside an order re-instating upon the docket a case wherein, at the same term, a voluntary nonsuit was taken, does not fall within any of the classes of cases mentioned in the statute supra. In short, it is neither a final judgment, nor is it provided for, or to be found either expressly or impliedly among any of the orders set out in the statute from which an appeal lies. [Holdridge v. Marsh, 28 Mo. App. 283; 3 C. J. 504.] Since appeals are matters which are wholly governed by statute, it follows that where there is no statute allowing an appeal, no appeal will lie. [Millar v. Transit Co., 216 Mo. 99; Bussiere's Admr. v. Sayman, 257 Mo. 303; Holdridge v. Marsh, supra.] This view disposes of the case and renders it unnecessary to discuss whether the trial court possesses either the power or discretion to re-instate upon the trial docket a case wherein a voluntary nonsuit was taken, when such re-instatement is permitted at the same term at which the nonsuit was taken. This appeal was prematurely taken; let it be dismissed. All concur.