WILLIAM J. MONAHAN AND MARY L. WEIGLEIN, ADMINISTRATORS, C. T. S., D. B. N., OF THE ESTATE OF WALTER J. MONAHAN, DECEASED, APPELLANTS, v. THE ESTATE OF MAYME MONAHAN, DECEASED, RESPONDENT.—89 S. W. (2d) 153.

St. Louis Court of Appeals. Opinion filed January 7, 1936.

Opinion filed on rehearing January 21, 1936.

92

*William Kohn* for appellants.

*Luke E. Hart* and *Herbert Hart,* of counsel for appellants.

*Edward C. Schneider* and *Charles R. Judge* for respondent.

HOSTETTER, P. J.—This case originated in the Probate Court of the City of St. Louis, then it came on appeal to the circuit court and thence on appeal to this Court.

The question involved is the right of the administrators of a deceased husband's estate to an allowance, out of the estate of his wife who predeceased him, under the provisions of section 107, Revised Statutes Missouri 1929, which provides for an allowance to the surviving spouse for twelve months' maintenance on the non-existence of the provisions enumerated in the preceding section 106.

The facts are as follows:

Mayme Monahan (the wife) died in the City of St. Louis on January 28, 1931, testate. By her will, which was admitted to probate in the Probate Court of the City of St. Louis on February 19, 1931, she gave certain specific bequests to her two sisters and some small personal effects to her husband, Walter J. Monahan, and the remainder of her estate, consisting principally of money deposited in bank, aggregating around $7000 to the United Bank and Trust Company, the executor therein named, with directions to pay the income thereof and as much of the principal as it might be deemed necessary for the support of her husband and the remainder at his death to be paid over to her two sisters.

Neither she nor her husband left any lineal heirs surviving. The husband, Walter J. Monahan, died on December 4, 1931, ten months and six days after the wife's death. He was of unsound mind at the time of his death and had been for some years prior thereto. He was duly adjudicated to be of unsound mind and his wife, following such adjudication, was appointed his guardian on December 30, 1927, and acted as such until her death and Mr. Whitworth, her sister's husband, was then appointed guardian for him and acted as such

until his ward's death, and thereafter was appointed administrator c. t. a. of his estate and served as such for a short time and was then supplanted by William J. Monahan and Mary L. Weiglein, who are the appellants in the instant case.

On February 18, 1932, these administrators filed their verified petition in the Mayme Monahan estate in the probate court, setting out that at the time of her death and at the time of the making of the inventory, the grain, meat, vegetables, groceries or other provisions enumerated in section 106, Revised Statutes Missouri 1929, were not on hand, and prayed for an allowance in lieu thereof necessary for the maintenance of the widower for twelve months under the provisions of section 107, Revised Statutes Missouri 1929. They also in the same petition prayed for the $400 allowance of absolute property as provided by section 108, Revised Statutes Missouri 1929.

The inventory of the estate of Mayme Monahan, was filed in the Probate Court on June 12, 1932, and showed no real estate.

The will of Walter J. Monahan, which bears date of July 5, 1922 (that being prior to his being adjudicated of unsound mind) was offered in evidence and shows to have been admitted to probate on December 7, 1931, and after benevolent bequests amounting to $300 it gave the residue of his estate to his wife, Mayme Monahan, and named her as executrix of same.

It was further shown that during the lifetime of Walter J. Monahan, neither he nor his guardian ever received anything from the estate of his deceased wife, Mayme Monahan. It was further shown by the inventory of the Mayme Monahan estate that there was not on hand any of the grain, meat or other provisions enumerated in section 106, Revised Statutes Missouri 1929, for the maintenance of the surviving widower for twelve months.

The appraiser appointed by the Probate Court for inheritance tax purposes in the Mayme Monahan estate under the provisions of section 585, Revised Statutes Missouri 1929, allowed, in his report to the Court, as a proper deduction from the gross amount of the estate, the sum of $1600 for "the widower's allowance" and that amount was agreed on by the parties in the Circuit Court hearing as being the proper amount to be allowed, in the event it was held that the estate of the husband was legally entitled to an allowance under the provisions of section 107, Revised Statutes Missouri 1929.

The trial court approved the allowance of the $400 absolute property under the provisions of section 108, Revised Statutes Missouri 1929, but refused to make any allowance for twelve months' maintenance for the widower under the provisions of section 107, Revised Statutes Missouri 1929, hence this appeal.

The pertinent portions of sections 106 and 107, Revised Statutes

Missouri 1929, insofar as they affect the question to be determined in this case, are as follows:

"Sec. 106. Articles allowed widower or widow as absolute property.—In addition to curtesy and dower, the widower or widow shall be entitled to keep as his or her absolute property . . . all grain, meat, vegetables, groceries, and other provisions on hand and provided and necessary for the sustenance of the widower or widow and family for twelve months;"

"Sec. 107. Property not on hand, court to make allowance.—If the grain, meat, or other provisions allowed the widower or the widow in the preceding section shall not be on hand at the time of the taking of the inventory, the court shall make a reasonable appropriation out of the personal assets of the estate to supply such deficiency;"

It will be noted that the provisions enumerated in said section 106 are the absolute property of the surviving spouse by the express wording of the statute.

In consonance with the wording of this statute (which formerly applied to the widow only) our courts, from a very early day, have, with remarkable unanimity, held that these enumerated provisions became the absolute property of the surviving widow or widower, and were not to be treated as a part of the estate for the purpose of being administered; that upon the death of a spouse, as the law now stands, the title to the articles enumerated vests in the surviving spouse so that the provisions enumerated in said section 106, or the money allowed in the event of their non-existence, become the absolute property of the surviving widow or widower as the case may be, free from the claims of creditors or distributees or other beneficiaries of the estate. Where there is a deficiency in the provisions enumerated in said section 106, wholly or in part, the right to an allowance out of the estate to supply such deficiency inures in the surviving spouse, which is immune as against the claims and objections of creditors or other beneficiaries of the estate. [Nelson v. Troll, 173 Mo. App. 51, 156 S. W. 16; In re Flynn's Estate (Mo. App.), 67 S. W. (2d) 771, loc. cit. 773; Nidy v. Rice, 226 Mo. App. 610, loc. cit. 613-614, 44 S. W. (2d) 196; Hasenritter v. Hasenritter, 77 Mo. 162; Hastings v. Myers' Admr., 21 Mo. 519; Williams v. Schneider (Mo. App.), 1 S. W. (2d) 230; Est. of Ulrici v. Johnston, 177 Mo. App. 584, 160 S. W. 812; McFarland v. Baze's Admr., 24 Mo. 156; Waters v. Herboth, 178 Mo. 166, loc. cit. 172; Mahoney v. Nevins, 190 Mo. 360, loc. cit. 367-368, 88 S. W. 731; Benjamin v. Laroche, 39 Minn. 334, loc. cit. 336.]

In Hasenritter v. Hasenritter, *supra,* the court said:

"In Hastings v. Myers, 21 Mo. 519, it was held that the right of a widow to $200 worth of personal property was absolute, did not

depend upon her election, and vested immediately upon the *death* of her husband. This ruling was based upon what is now sections 35, 36 and 37, page 88, Wagner's Statutes, and it was followed in Cummings v. Cummings, 51 Mo. 261. The present application is based, not only on the section referred to, but upon section 33 of the same article, which declares that, 'in addition to dower, the widow shall be allowed to keep, as her absolute property, a family Bible, . . . all grain, meat, vegetables, groceries and other provisions on hand, '. : . not to exceed the value of $500.' And section 34, next thereafter, provides that if such grain, meat or other provisions shall not be on hand at the time of making the inventory, the Court shall make a reasonable appropriation out of the assets of the estate to supply such deficiency. It seems quite clear that a construction equally favorable to the widow should be given section 33. And this is especially true, as that section declares in express terms that the property therein mentioned shall be the absolute property of the widow, i. e., requiring no election on her part in order to secure it. This being true, it must needs follow that the property or the proceeds thereof, claimed in the present application, were not subject to be disposed of by the will of the applicant's deceased husband.''

In Williams v. Schneider, *supra*, the court said:

"There is no question but that, since the widow died pending the appeal, without having received her allowance under sections 105 and 106, her action was properly revived in the name of her administrator (Hastings v. Myers, 21 Mo. 519)."

In Estate of Ulrici v. Johnston, *supra*, the court said:

"The authorities from an early date have declared, and with marked emphasis insist, that the property and allowances enumerated in these statutes is the absolute property and the absolute allowance of the widow.'' . : .

"In speaking of the section of the statute awarding the widow a year's support, this court said, in Glenn v. Gunn, 88 Mo. App. 442, 445, it is hers absolutely—given by the wise and humane sentiments of an enlightened age, out of compassion for her hapless state when the breadwinner is lost. Creditors cannot seize nor should bequests defeat it. The law makes no difference between the indigent and the opulent in respect of this bounty. [See also, Glenn v. Gunn, 88 Mo. App. 423; Nelson v. Troll, 173 Mo. App. 51, 156 S. W. 16.] These are exemption statutes and are universally so regarded and treated by the courts. [See Woerner's Am. Law of Administration (2 Ed.), sec. 77, p. 160 et seq.; In re Estate of Ryan, 174 Mo. App. 202, 156 S. W. 759; Lewis v. Castello, 17 Mo. App. 593, 594.] In this view, the widow's allowance is to be preserved entire for her use and support, and this, too, first from the expense of administra-

tion. Section 10 of the Administration Law (see Revised Statutes 1909) obviously contemplates this, for it provides that if the estate is no greater in amount than is allowed by law as the absolute property of the widow, administration shall be dispensed with entirely. It is certain that, under the established rule of decision in this State, the widow's allowances are regarded as her absolute property and not to be considered as assets of the estate. The cases are multiplied which declare such to be true. In those States where the courts so construe these statutes, the rule obtains as well that the allowances go free to the widow first of the expenses of administration of the estate.''

In the recent case of In re Flynn's Estate (Mo. App.), *supra*, the court said:

''We do not construe this will as depriving the surviving husband of his statutory allowances now provided by sections 106, 107, and 108, Revised Statutes of Missouri, 1929 (Mo. St. Ann., secs. 106-108, pp. 67, 69, 70). Such property has been held to become the absolute property of the surviving spouse.

''The general tenor of the holdings of our courts on that question is to the effect that in order to accomplish that result there must be an express provision in the instrument that the benefits set out therein shall be in lieu of such statutory provisions—in other words, that the surviving spouse cannot be deprived of these statutory allowances by implication; that the design to substitute one for the other must be unequivocally expressed. [Bryant v. McCune, 49 Mo. 546; Williams v. Schneider (Mo. App.), 1 S. W. (2d) 230; Hasenritter v. Hasenritter, 77 Mo. 162; Hastings v. Myers' Admr., 21 Mo. 519; Register v. Hensley, 70 Mo. 189; Glenn v. Gunn, 88 Mo. App. 423, 443; Mowser v. Mowser, 87 Mo. 437; Coulter v. Lyda, 102 Mo. App. 401, 76 S. W. 720.]''

In Benjamin v. Laroche, *supra*, the court said:

''If she dies before making a selection, the property allowed her goes to her personal representative or assigns, who may make the selection, where one is necessary, the same as she might do if living. The only effect of the selection is to give precision, so to speak, to the property which has already become hers on the husband's decease.''

Counsel for respondent in combating the allowance insist that the circuit court never acquired jurisdiction, in that the administrators of the estate of the widower appealed in one affidavit from two orders made by the probate court in the Mayme Monahan estate, to-wit: an order denying the allowance and an order striking from the files a renunciation of the will of said deceased wife and an election to take under the law theretofore filed by the administrators on behalf of the deceased widower.

We see no merit in this contention. It appears from the record that the probate court ruled on both matters and such rulings were set out in the same entry of record and that the affidavit for appeal made by the administrators was set out in a later record entry, reading as follows:

"On January 20, 1933, being during the same December Term, 1932, of said Probate Court, the said William J. Monahan and Mary J. Weiglein, as administrators, c. t. a., d. b. n., of the estate of Walter J. Monahan, deceased, duly filed in said estate an affidavit for appeal, together with appeal bond, praying an appeal from said order and judgment overruling the petition for allowance in lieu of provisions and sustaining the motion to strike from the files and the said renunciation and election, which affidavit and bond was by the Court approved and the appeal duly allowed, all of which appears from an order duly entered of record in said court on said day."

It is conceded by counsel that they have been unable to find any Missouri case directly in point to support their contention.

It is plainly apparent that the administrators of the deceased husband's estate did file a bond and did appeal from the "order and judgment overruling the petition for allowance in lieu of provisions." Even if they did include in the affidavit a prayer for an appeal from the order of the court in striking from the files said renunciation and election, and that was an appealable order, we fail to see under any common sense theory why that would destroy the circuit court's derivative jurisdiction, unless, upon the theory that a double barreled gun discharge would have more destructive potency than a single barreled one. However, on a perusal of section 284, Revised Statutes Missouri 1929, which catalogues the matters which may be appealed from the probate court to the circuit court, we are not convinced that an appeal lies from the action of the probate court in striking this paper from the files. Appeals are governed wholly by statute and where there is no statute allowing an appeal, no appeal will lie. [Turr v. Terminal Railroad Assn., 277 Mo. 235, loc. cit. 238, 209 S. W. 908; Millar v. St. Louis Transit Co. & United Rys. Co., 216 Mo. 99, 115 S. W. 521; Bussiere's Admr. v. Sayman, 257 Mo. 303, 165 S. W. 796; Holdridge v. Marsh, 28 Mo. App. 283.]

The trial judge very sensibly treated this renunciation of the will and election, which was stricken from the records in the probate court, as a nugatory gesture, by remarking in his findings that it was unavailing as to real estate and unnecessary as to personal property "of which Walter J. Monahan takes one-half absolutely." [Section 324, Revised Statutes Missouri 1929, Mo. Stat. Ann., sec. 324, p. 210.] We regard the inclusion of the matter of striking the paper from the files as surplusage and harmless in any event.

And, lastly, it is contended by counsel for the wife's estate, that this allowance cannot be made because the widower, Walter J. Monahan made no application for it during his lifetime and that his guardian likewise failed to make an application for him. We are not disposed to put the stamp of our approval on this contention. We are told in Holy Writ that "the letter killeth, but the spirit maketh alive." To hold this contention valid would be to reverse the traditional tenderness of the courts, which, with rare exceptions, have always striven to protect and preserve the rights of the weak and the unfortunate, of infants and those who, as in the instant case, have lost the ability to act for themselves. Physical blindness always evokes sympathy and compassion, but when the mind's eye is compelled to gaze uncomprehendingly through darkened windows our sympathy and compassion are correspondingly heightened.

These statutes are benign ones. We cannot believe that it was in the legislative mind to bestow their benefits on normal widows and widowers alone and deny them to the unfortunate ones who, by chance or fortuitous and untoward circumstances, are unable to act for themselves. This characteristic trait, which finds expression in some degree in all classes of human kind, is a worthy one, and, like mercy, as described by Portia in her speech to Shylock, in Merchant of Venice, Act IV, Scene 1, "becomes the throned monarch better than his crown."

It will be noted that it is not required in the wording of either section 106 or 107, Revised Statutes Missouri 1929, that the surviving spouse shall make application for the bounties or allowances mentioned therein, nor within what time application shall be made. It necessarily follows, however, that though not in words required by the statute, application must be made at some time and in some way, in order that the rights of the beneficiaries thereunder be preserved. The time then, should be a reasonable time. In Howard v. Strode, 128 Mo. 182, 106 S. W. 116, a case cited by counsel for the wife's estate, it is held that the application should be made within twelve months or "before the personal property is distributed or sold." Cummings v. Cummings, 51 Mo. 261, loc. cit. 263, also cited by the same counsel, holds to the same effect, and also holds that there is no formality about the application and no need for it to be in writing.

It appears that the estate of the deceased wife was intact, not having been distributed or sold, when the administrators of the estate of the deceased widower, Walter J. Monahan, made the application in the probate court for the allowances. We rule that the administrators not only had the right, but that it was their duty, under the statutes as such administrators, to apply for and collect the allowance in controversy.

It therefore follows that the judgment of the circuit court refusing to make the allowance, should be, and is, hereby, reversed and the cause remanded with direction to the circuit court to enter a judgment for $1600 with interest thereon from the 11th day of June, 1934, at the rate of six per cent per annum, in favor of said administrators of the estate of Walter J. Monahan, deceased, as and for his allowance out of the estate of Mayme Monahan, deceased, under the provisions of section 107, Revised Statutes Missouri, 1929, and to cause such action to be certified to the probate court. *Becker* and *McCullen, JJ.,* concur.

## On Motion for Rehearing.

Respondents have, in their motion for a rehearing, vigorously reiterated their contention that, the widower, Walter J. Monahan, not having made any application, for the allowance for twelve months' maintenance, to the probate court, and, his guardian, also, having failed so to do, his right to the same has become extinct on the theory that the failure to make such application constituted a waiver of his rights.

It is further urged in the motion for a rehearing, that the Court, in its opinion, has, in effect, rewritten the statute and rewritten, or broken, the will of Mayme Monahan, and nullified, *pro tanto*, the provisions intended by the testatrix for her two sisters (residuary beneficiaries) and given the $1600 allowance ordered, to the heirs of Walter J. Monahan, as he, being dead, could derive no benefit from such allowance.

We think that the advancement of such an argument comes with rather poor grace under the circumstances. It will be noted that following the death of Mayme Monahan, her sister's husband, E. B. Whitworth, was appointed guardian of Walter J. Monahan, the insane widower, and acted as such until the latter's death, which was ten months and six days after the death of his wife, and, the record shows that he immediately was appointed his administrator, but, in a short time thereafter was removed and the present administrators appointed.

It is conceded in the motion for a rehearing, and, properly so, that the guardian for the widower had the right to apply for the allowance. We hold that he had not only the right to make the application for the allowance on behalf of his ward, but that it was his duty to do so. Under the provision of sections 461 and 462, Revised Statutes Missouri 1929 (Mo. Stat. Ann., secs. 461 and 462, p. 288) it became his duty to provide for his ward's "suport and maintenance" and to collect and take charge of the ward's estate, including all "evidences of debt." It follows, therefore, that if the guardian

failed to make seasonable application for the twelve months' maintenance allowance, in the absence of provisions for his ward, in accord with the right as set out in section 107, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 107, p. 69) and, by reason of such neglect of duty the right to such allowance was lost, the guardian would clearly be liable on his bond. [See section 457, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 457, p. 287.]

Here was an appropriation, for twelve months' maintenance for an insane ward, which he, by reason of his mental infirmity, was unable to apply for, and his guardian neglected to do for him what the law required him to do. The guardian's failure to apply for and collect this allowance for his ward could be accounted for on no other ground than that such failure would augment the amount which his wife and sister-in-law would receive as residuary beneficiaries under their sister's will. (His wife, Louise Whitworth, was the sister who made and filed in the probate court her motion to strike from the files the renunciation of the will and election made by the administrators for decedent, Walter J. Monahan.)

For that reason, we would be very reluctant to hold that the right of the insane widower to the twelve months' maintenance out of his deceased wife's estate is lost. The record shows that the estate is intact and the money not distributed and the administrators, when making their application for the allowance were properly following their duty ''to collect all money and debts of every kind due to the deceased.'' [Section 94, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 94, p. 57.] The right of the surviving spouse to the provisions necessary for twelve months' maintenance, enumerated in section 106, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 106, p. 67) or, to an appropriation in the event of their non-existence, under section 107, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 107, p. 69) does not depend on the length of time such spouse may live after the death of his or her mate. The right to such maintenance becomes vested in the surviving spouse immediately upon the death of the mate. The surviving spouse may live for only one day after the death of his or her mate and still the right exists and may be asserted by the personal representatives of such surviving spouse, although the latter may never enjoy such twelve months' maintenance but for a limited time, or, as in the instant case, not at all.

The motion for a rehearing is overruled. *Becker* and *McCullen, JJ.*, concur.