Waters v. Herboth.

---

## WATERS et al. v. HERBOTH, Executor, Appellant.

### Division One, November 25, 1903.

1. **Decree of Circuit Court:** WIFE'S WILL: ESTATE OF HUSBAND: RES ADJUDICATA: SUBSEQUENT DISTRIBUTION. A decree of a circuit court interpreting a will of a deceased childless wife, and decreeing what interest her husband took therein, if unappealed from, is a final adjudication of the points decided by the decree. But if it did not decide that the husband, did or did not, under the statute of 1895, take one-half the estate of the wife, the point is reserved for adjudication by the probate court when it comes to make distribution of the estate.

2. **Husband's Share of Wife's Estate:** STATUTE OF 1895. The statute of 1895 (sec. 111, R. S. 1899) giving to the husband absolutely one-half the estate of his wife who dies without children or other descendants, is constitutional.

3. ————: NOT DEFEATABLE BY WILL. The wife who dies without children or other descendants, can not by will defeat her husband's statutory right to one-half her estate absolutely.

4. ———: OTHER PROPERTY: CONFLICT OF STATUTES. There is no con-
flict between the statute (sec. 2938, R. S. 1899) which gives the
husband one-half the estate of a childless wife, and the other statute
(sec. 111, R. S. 1899) which gives the husband certain enumerated
articles and $400 in case the wife die intestate. The articles
mentioned in section 111, which are the same as are given in other
sections to the widow, are to be separated from the estate to be
administered, and form no part of it, either for the creditors or
distributees.

Appeal from St. Charles Circuit Court.—*Hon. E. M.
Hughes,* Judge.

REVERSED AND REMANDED.

*Hickman P. Rodgers* for appellant.

(1)  The act of the Legislature approved March
2, 1895 (Laws 1895, p. 169) is in every particular con-
stitutional and valid; and under it appellant is entitled
to all that he contends for in this case.  O'Brien v. Ash,
169 Mo. 283.  (2) The ruling of this court in O'Brien v.
Ash, supra, concerning the sufficiency of title of said
Act of 1895, is in harmony with its earlier rulings, cov-
ering a period of many years.  State v. Whittaker, 160
Mo. 59; DeBoth v. Rich Hill C. & M. Co., 141 Mo. 497;
State v. Bockstruck, 136 Mo. 335; State ex rel. v. Slover,
134 Mo. 10; Senn v. Railroad, 124 Mo. 621; Lynch v.
Murphy, 119 Mo. 163; State ex rel. v. Bronson, 115 Mo.
271; State v. Blackstone, 115 Mo. 424; State v. Bennett,
102 Mo. 356; Ewing v. Hoblitzelle, 85 Mo. 266; State ex
rel. v. Ransom, 73 Mo. 78; State v. Mead, 71 Mo. 266;
Hannibal v. Marion, 69 Mo. 571; State v. Miller, 45 Mo.
495.

*N. D. Thurmond* for respondents.

(1)  When two acts are passed at the same session
of the Legislature, relating to the same subject-matter,
they are *in pari materia,* and must be construed to-
gether.  State v. Clarke, 54 Mo. 216; St. Louis. v. How-

ard, 119 Mo. 41; State ex rel. v. Woodson, 128 Mo. 497; State ex rel. v. Klein, 116 Mo. 259. (2) One act of the Legislature may repeal an older law in one of three ways: (a) by a repealing clause; (b) by such repugnance that the two laws may not, in reason, both stand; (c) by a revision of the whole subject-matter of the former law which is evidently intended as a substitute for it. The two latter, being repeals by implication, are not favored. Young v. Railroad, 33 Mo. App. 509; Railroad v. Cass County, 53 Mo. 17. It can not be repealed simply by repealing words contained in the title of a subsequent act. Section 2938 had no repealing words either in the title or in the body of the act. State ex rel. v. Saline County Court, 51 Mo. 350. The question of repeal is one of intention. Curtwright v. Crow, 44 Mo. App. 563; Railroad v. Cudmore, 103 Mo. 634. If section 2938 had provided that all the property owned by the deceased wife at the time of her death should become the husband's, it would have been a repeal of section 4603 in so far as it was applicable to a married woman who should die without a child or other descendants capable of inheriting. That is, in case she should have made a will it would be nullified by this later law. As this section now stands she could make a will disposing of all her property, but the will would be effective only as to a one-half interest in said property. This section does repeal the law on wills to that extent, if the construction claimed by appellant is given to it. If it does repeal it it does so by reason of the repugnancy between the two being such that both, in reason, can not stand. Is the repugnance such that both can not stand together or be consistently reconciled? (3) Since the passage of this new law the statutes have been revised and the law of wills as applied to married women remains as it was before. These last-stated facts strengthen the conclusion that the Legislature did not intend by the Act of 1895 to repeal, limit or in anyway to modify section 4603 which empowers the wife to

devise her real estate and to bequeath her personal property, saving to the husband his curtesy, if he has any. Glasgow v. Lindell, 50 Mo. 60; Railroad v. Cass County, 53 Mo. 17; State ex rel. v. Dolan, 93 Mo. 467; Manker v. Faulhaber, 94 Mo. 430; Kansas City v. Smart, 128 Mo. 272; State ex rel. v. Walbridge, 119 Mo. 383; State ex rel. v. Wofford, 121 Mo. 61; State v. Draper, 47 Mo. 29; State ex rel. v. Stratton, 136 Mo. 423; McVey v. McVey, 51 Mo. 406; Curtwright v. Crow, 44 Mo. App. 563; Ex parte Joffe, 46 Mo. App. 360; State ex rel. v. Heidorn, 74 Mo. 410.

VALLIANT, J.—Appellant was the husband of Virginia E. Herboth, who died in 1897, without ever having had a child, leaving a will purporting to dispose of all her property. When the probate court came to make a final distribution, the husband claimed one-half the estate, in spite of the will, by virtue of the act of the General Assembly entitled, "An Act to amend chapter 55 of the Revised Statutes of Missouri, 1889, entitled 'Dower,' by adding a new section thereto to be known as section 4518," approved March 2, 1895. The matter was carried by appeal to the circuit court, where the judgment was adverse to the husband's claim, that court holding that the Act of 1895 was unconstitutional. The husband appeals.

Before the matter came on for final distribution in the probate court, the husband, as executor, had instituted in the circuit court a suit against the distributees and legatees, the object of which was to obtain an interpretation of the will. That suit resulted in a decree to the effect that the will did not recognize the right of the husband to one-half the estate under that statute, but did recognize the possibility of such a right, and provided that a legacy therein of $1,500 to him and a release therein directed of a deed-of-trust debt for $2,000 which he owed the testatrix, should be conditioned on his not being entitled to one-half the estate under the

statute, and that if it should turn out that he was so entitled and claimed it, then the legacy of $1,500 and the release of the $2,000 debt should become void. It was also declared by the decree that the will expressly gave the husband, in addition to the $1,500 legacy and the release of the $2,000 debt, all that part of the estate that he would have taken, if there had been no will, under the act of the General Assembly of date April 8, 1895 (Laws 1895, p. 35), which is now section 111, Revised Statutes 1899, in the chapter on Administration. There was no appeal from the decree, and it is to be taken as the final adjudication of that subject. It was after the decree in that case that this cause came on for adjudication of the rights of the parties on the final distribution of the estate, when, as above said, the circuit court held that the Act of March 2, 1895, was invalid and that the husband was entitled to only what the will gave him, hence this appeal.

In O'Brien v. Ash, 169 Mo. 283, the constitutionality of the Act of March 2, 1895 (Laws 1895, p. 169), which is now section 2938, Revised Statutes 1899, was in question and the court decided that the act was constitutional and valid. That decision by this court was not rendered before the judgment of the circuit court in this case. The case of O'Brien v. Ash was twice argued before us and the question of the validity of the statute was fully considered. We have followed the argument of the learned counsel for respondents in the case now before us, but we see no reason to change our views on that question as expressed in O'Brien v. Ash.

It is urged, however, on the part of respondents, that conceding the act in question to be constitutional, still, it must be read in connection with section 4603, Revised Statutes 1899, which gives the right to a woman to devise and bequeath her estate "by her last will and testament, subject to the rights of her husband, if any, to his curtesy therein." The contention is that the Act of 1895 gives the surviving husband of the childless wife

one-half her estate provided only she die intestate, and the argument is that to hold otherwise would be to repeal or modify the statute which gives the wife the right to make a will.

That the aim of the statute was to limit the right of the wife to dispose of her estate by will is quite evident, but in that particular her right was not more restricted by that statute than was her husband's right to dispose of his property by will under like conditions, restricted under section 2939, Revised Statutes 1899. The two sections stand together in the revision and were so intended by the lawmakers. They were intended to form, when taken together, one law establishing the relative rights of the husband and the wife in the property of each other under the same conditions, the only difference being that the husband's estate is required to make restitution of certain property he received from his wife in addition to one-half of the property held by him in his own right at the time of his death. The twin sections are as follows:

"Sec. 2938. When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

"Sec. 2939. When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: First, to all the real and personal estate which came to the husband in right of the marriage, and to all the personal property of the husband which came to his possession with the written assent of the wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

The use of the same words to express the legislative intent in reference to the half of the wife's property which the husband is to have when she dies childless that are used to express the like intent in reference to her half of his estate when he dies childless, shows that it was the intent to put the one as much beyond the wife's right to make a will as it was to put the other beyond the husband's right to make a will. We hold that the interest given the husband in the one section and that given the wife in the other is equally beyond the right of either to defeat by will.

It is argued for respondents that this construction makes the statute conflict with section 111, Revised Statutes 1899, which gives the husband certain enumerated articles in case the wife die intestate.

Sections 105, 106 and 107 in the chapter on Administration give certain articles and $400 to the widow. Those sections were not designed to affect the final distribution, but the idea was to allow the widow to have those articles in the beginning.

They were to be separated from the estate that was to be administered, to form no part of it, neither for the creditors nor the distributees; they were to be given to the widow in the first place, and it was only what was left after those articles were given to the widow that was to be treated as the estate to be administered.

This is further shown by section 2 in the same chapter, which is to the effect that if there is no more in the estate than those articles and that amount of money, there shall be no administration. Section 111 was only intended to give the husband like articles and the same amount of money out of his wife's estate that she was to have under sections 105-6-7 out of his estate provided she should die intestate. Those sections have nothing to do with sections 2938 and 2939, above quoted, and are not to be considered in construing them.

The court erred in holding that the husband in this case was not entitled to one-half the estate. The judg-

ment is therefore reversed and the cause remanded to be retried according to the law as herein expressed. All concur.