## GILROY v. BRADY, Appellant.

**Division Two, March 29, 1906.**

1. **HUSBAND'S DOWER: Property Owned at Marriage.** The husband of a childless wife is, under the statute, entitled to one-half of all the property she owned at the time of her death, subject to the payment of her debts, whether such property was owned by her at the time of her marriage, prior to the enactment of the statute, or not.

2. ————: **Living Husband: Seven Years' Absence.** Where a former husband had not been heard from for seven years prior to her marriage to plaintiff, the presumption of law is that he was then dead. And if he went away soon after the marriage, then came back after an absence of two years, and again went away, and she was afterwards married to plaintiff in the surname of the first husband, and he has not since been heard from, though 13 years have elapsed since her last marriage, these facts, taken in connection with the presumption that she was united in marriage with plaintiff under the belief that her former husband was dead, justify a holding that plaintiff at the time of his wife's death was her lawful husband.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

(1) The Act of 1895 (R. S. 1899, sec. 2938) did not give to plaintiff a dower right in real estate owned by Mary Ann (if she was his lawful wife) before the passage of that act. The contention of Gilroy, if sustained, would take away from his wife one-half of her property and vest it in her husband, or take away the right of inheritance from her heirs. But no legislative authority can take away one man's property and give it to another, nor enact a law which would have the same effect. Gilroy's contention, if sustained, would give to

the Act of 1895 a retrospective action, a position which is pointedly condemned by controlling authorities. Walker v. Deaver, 79 Mo. 677; State v. Grant, 79 Mo. 117; Leete v. Bank, 115 Mo. 197; Bartlett v. Ball, 142 Mo. 35; Shields v. Johnson Co., 144 Mo. 82; State v. Switzler, 143 Mo. 326; Clay v. Mayr, 144 Mo. 380; Arnold v. Willis, 128 Mo. 150. (2) In the face of the evidence the marriage of David and Mary Ann could not have been valid.

*Albert C. Davis* for respondent.

(1.) Appellant's first proposition is without merit. Spurlock v. Burnett, 183 Mo. 524. (2) Equally untenable is appellant's second proposition. 19 Am. and Eng. Ency. Law (2 Ed.), 1202.

BURGESS, P. J.—This is a suit by David Gilroy, husband of Mary Ann Gilroy, deceased, against the devisees named in her will, for the partition of lot 16 in subdivision of northeast part of lot 2 of Sulphur Springs tract in Gratiot League Square, bounded on the north by lot 17, on the south by lot 15, on the west by Sulphur avenue, formerly Davis street, and on the east by Delvin street, in the city of St. Louis. During the lifetime of Mrs. Gilroy she owned said property in fee. She had no children, and by her will, which was duly admitted to probate, she gave to her husband, the plaintiff, the sum of one dollar; to her brother, Michael Brady, one dollar; and the rest and residue of her estate, real, personal and mixed, wherever situate, she gave and bequeathed to her brother, the defendant, Thomas Brady, and to his heirs forever.

After the death of Mrs. Gilroy the plaintiff conveyed one-half of his interest in the property to the defendant, Joseph M. Shortal.

The petition alleges: "That the share of said land to which he (plaintiff) is entitled is an undivided one-

quarter interest, and that the interest of the defendant, Joseph M. Shortal, in and to said land is an undivided one-quarter interest, and that the interest of the de-fendant, Thomas Brady, in and to said land, is an un-divided one-half interest. Plaintiff further states that Mary Ann Gilroy, his wife, lately departed this life without children, seized of the property aforesaid, and that an undivided one-half interest in the same de-scended to him, and an undivided one-half interest de-scended to the defendant, Thomas Brady, and that heretofore, to-wit, on the 18th day of June, 1902, plain-tiff conveyed half of his interest in the real estate afore-said, or an undivided one-quarter interest in the whole lot, to the defendant, Joseph M. Shortal. Plaintiff fur-ther alleges that the other property of the said Mary Ann Gilroy is more than sufficient to pay all claims and demands against her said estate."

The defendant Brady's answer was a general de-nial. Shortal made default.

The court rendered judgment in favor of the plain-tiff, as follows:

"On this day comes the plaintiff David Gilroy, by Albert C. Davis, his attorney, and the defendant Thomas Brady, by his attorney, H. B. Davis, and the defendant Joseph M. Shortal, although duly summoned, appeared not, but makes default, and submit to the court the matters in controversy upon the pleadings and evidence adduced; and the court being duly ad-vised in the premises doth find that the allegations of plaintiff's petition herein are true. The court doth further find that plaintiff David Gilroy is the widower of Mary Ann Gilroy, deceased, and that said Mary Ann Gilroy died without any child or other descendant capable of inheriting from her, and that the defendant Thomas Brady is the brother and heir and devisee of Mary Ann Gilroy, deceased; and prior to the bringing of this action and subsequent to the death of Mary Ann Gilroy, deceased, the plaintiff David Gilroy conveyed

an undivided one-half interest of all his right, title and interest in and to the hereinafter described estate to the defendant Joseph M. Shortal. That the plaintiff David Gilroy is entitled to an undivided one-quarter; the defendant Joseph M. Shortal is entitled to an undivided one-quarter; and the defendant Thomas Brady is entitled to an undivided one-half in and to the following described real estate, situate, lying and being in the city of St. Louis, and State of Missouri, to-wit'' (describing property in suit).

To which finding and decree defendant Thomas Brady then and there duly excepted at the time.

And afterwards, and within four days after the rendering of said finding and decree, said defendant Brady filed his motion for a new trial, which was overruled by the court. The said defendant saved his exception, and appeals.

That the title to the property was in Mrs. Gilroy at the time of her death is clearly shown by the record. It is also shown that she never bore any children, and that plaintiff, by quitclaim deed, dated June 18, 1902, conveyed an undivided one-fourth interest in the property to Joseph M. Shortal.

Defendant Brady testified, as a witness in his own behalf, that Mary Ann Brady was his sister; that she married one Harvison, who went somewhere and never returned. On cross-examination, he said he did not know whether Harvison died; that Mary Ann died May 21, 1902; that he supposed David Gilroy was her husband, as he had seen the marriage certificate. Witness said, on re-direct examination, that he could not tell when Harvison went on his journey, but that it was about seventeen years ago; that Harvison returned once, about fifteen years ago and went away again to Wyandotte, Kansas; that was about the year 1889, since which time witness never heard of him.

Defendant offered in evidence the marriage certificate showing that David Gilroy and Mary Ann Harvi-

son were married in St. Clair county, Illinois, September 21, 1889.

By section 2938, Revised Statutes 1899, it is provided that, "When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts." There can be no question, under the provisions of this statute, but that the plaintiff was entitled to one-half of all the property that his wife owned at the time of her death, subject to the payment of her debts, provided the law applies to property owned by the wife at the time of her marriage. As to the property owned by the wife at the time of her marriage, and before the passage of the said act, as in this case, defendant contends that the law is retrospective and inoperative. The validity of this law has been passed upon at least twice by this court. [Waters v. Herboth, 178 Mo. 166; Spurlock v. Burnett, 183 Mo. 542.] In the case last cited it was ruled that the statute in question, declaring what interest the widower shall have in the property of his wife who dies intestate and without descendants, applies to any wife who should die thereafter, whether she and her surviving widower were married prior to its enactment or not. The object of the Legislature in passing said act was to place the husband and wife, as nearly as practicable, on an equal footing, so far as his rights, as widower, in her estate, and her rights, as widow, in his estate, are concerned.

Whether or not Mrs. Gilroy was married to one Harvison prior to her marriage with plaintiff is, under the evidence, a matter of serious doubt. Defendant Brady was the only witness who testified in regard to such marriage. According to his testimony, it occurred some seventeen years before the trial, the first dis-

195 Sup.—14

appearance about two years after the marriage, and the return and second disappearance a little later. Witness was unable to give Harvison's first name, or tell where he and his wife, defendant's sister, lived after marriage. But the marriage certificate offered in evidence by said defendant showed that his sister, under the name of Mary. Ann Harvison, was united in marriage to the plaintiff by a justice of the peace in the State of Illinois, on the 21st day of September, 1889.

There was no direct evidence as to the time when Mrs. Gilroy was married to Harvison, or that he was living at the time of her marriage with plaintiff, or that Harvison had not been heard from within seven years prior to her said marriage with plaintiff; and as more than seven years had elapsed since the time of his last disappearance and absence from this State, he was presumed to be dead. [Sec. 3144, R. S. 1899.]

These facts, taken in connection with the presumption that Mrs. Gilroy was united in marriage with plaintiff under the belief that her former husband was dead, justified the court, in effect, holding that plaintiff was at the time of his wife's death her lawful husband, and entitled to one-half of the property which she owned at the time of her death. The judgment is affirmed.

All concur.