## BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

## AT THE

### OCTOBER TERM, 1913.

---

In the Matter of the Estate of GEORGE W. FRITCH, Deceased; ELIZABETH FRITCH, Administratrix, Respondent, v. LETITIA L. FRITCH, Intervening Creditor, Appellant.

St. Louis Court of Appeals, December 31, 1913.

1. EXECUTORS AND ADMINISTRATORS: Allowance to Widow in Lieu of Provisions: Ex Parte Proceedings. An award to a widow of money in lieu of a year's provisions, under Secs. 114 and 115, R. S. 1909, may be made ex parte, and, in case the widow is administering the estate, without the appointment of an administrator *ad litem* and without notice to creditors or others interested in the estate, since the year's provisions, as well as an award in lieu thereof, is the widow's absolute property, and in no sense a demand against the estate.

2. ———: ———: Amendment of Order of Allowance After Term. The action of the probate court in allowing a widow a sum of money in lieu of a year's provisions, as authorized by Sec. 115, R. S. 1909, is a final judgment, and hence such allowance cannot be modified by the probate court at a subsequent term.

3. ———: ———: Vacation of Order: Statute. Sec. 220, R. S. 1909, authorizing probate courts to vacate an order allowing a demand against an estate within four months after the allowance thereof, is inapplicable to the allowance of a sum of money in lieu of a year's provisions, as provided for in Sec. 115, R. S. 1909.

(434) [179 Mo. App.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Rassieur, Kammerer & Rassieur* for appellant.

(1) In presenting and prosecuting against the estate an application for an appropriation, and at the same time assuming to represent the estate as administratrix, respondent occupied inconsistent positions, and attempted to represent adverse interests; the action of the probate court on her application was therefore neither final nor conclusive on the creditors. State ex rel. Miller v. Bidlingmaier, 26 Mo. 483, 485; State ex rel, Mueller v. Reinhardt, 31 Mo. 95; Clark v. Crosswhite, 28 Mo. App. 34; Freeman, Admr., v. Probate Judge, 79 Mich. 390; Heck v. Heck, 34 O. St., 369; In re Hutton's Est., 92 Mo. App. 132. (2) The administratrix was a statutory trustee of the estate, for the benefit of the creditors, and she was therefore bound to protect their interests, and could not assume to act for and against the estate at the same time. Desloge v. Tucker, 196 Mo. 587; Perkins v. Goddin, 111 Mo. App. 429; In re Est. of Horner, 66 Mo. App. 531; Orr v. Sanford, 74 Mo. App. 187; 2 Woerner, Admin. (2 Ed.), Sec. 334. (3) The action of the probate court upon the application of the widow-administratrix was the same as any other allowance made to an administrator during administration, and was open to review at any time during the administration and upon final settlement of the estate. In re Hutton's Est., 92 Mo. App. 132; Picot v. Biddle's Admr., 35 Mo. 29; 44; Kidd v. Guibar, 63 Mo. 342; North v. Priest, 81 Mo. 561; State ex rel. Scott 1. Greer, 101 Mo. App. 669. (4) The application having been made by the widow-administratrix, it cannot be deemed to have been made by the widow individually without re-

gard to her office of administratrix, and as such the representative of the heirs and creditors, for to do so would foreclose the rights of those interested in the estate, without notice and without an opportunity for redress. State ex rel. Miller v. Bidlingmaier, 26 Mo. 483; Clark v. Crosswhite, 28 Mo. App. 34; In re Hutton's Est., 92 Mo. App. 132. (5) The widow-administratrix having assumed to act for adverse interests, the appropriation obtained as a result of her inconsistent conduct, was voidable, and subject to review at any time during administration, at the instance of any creditor or other party in interest. State ex rel. Miller v. Bidlingmaier, 26 Mo. 483; Clark v. Crosswhite, 28 Mo. App. 34; In re Hutton's Est., 92 Mo. App. 132; Freeman, Admr., v. Probate Judge, 79 Mich. 390. (6) The order of the probate court making the appropriation cannot properly be termed a judgment, as there was but one party before the court. It was the same as if a disinterested party had been administrator, and the court had acted on the widow's application, without notice to the administrator; in such a case, it is clear that the action of the court would be voidable, if not wholly void. State ex rel. Deems v. Holtcamp, 245 Mo. 655; Freeman, Admr., v. Probate Judge, 79 Mich. 390; Heck v. Heck, 34 O. St. 369; In re Hutton's Est., 92 Mo. 132. (7) (A) To constitute a valid judgment, the court must have jurisdiction of the parties, and each party to the action or matter in controversy must have an opportunity to be heard. Golahar v. Gates, 20 Mo. 236; Roach v. Burnes, 33 Mo. 319; Anderson v. Brown, 9 Mo. 638. (B) And where property rights of the parties are to be affected, the law will imply that notice was intended, even though the statute does not in terms require notice to be given. State er rel. Deems v. Holtcamp, 245 Mo. 655; State ex rel. Reid v. Walbridge, 119 Mo. 383; Brown v. Weatherby, 71 Mo. 152; Wickham v. Page, 49 Mo. 526.

*Karl M. Vetsburg and Charles H. Franck* for respondent.

(1) The order of January 9, 1911, making the allowance in favor of the widow is a judgment which became final when no appeal was taken therefrom according to law. Campbell v. Whitsett, 66 Mo. App. 444; R. S. Mo. 1909, Sections 289-290. (2) Probate courts have no equity jurisdiction. Their powers are fixed by statute and they cannot revoke a former decree and pass another for a less sum. Glover's Estate, 127 Mo. 153; Elliot's Estate, 27 Mo. App. 218; Woerner on American Law of Administration, (2 Ed.) Vol. 1, Page 205, Section 93; Pettee v. Wilmarth, 5 Allen 144; In re Stevens, 83 Cal. 322. (3) The laws of this State do not provide for or require notice to creditors of an application for an allowance to the widow in lieu of provisions. R. S. Mo. 1909, Sections 114, 115. (4) The laws of this State do not authorize or require the appointment of an administrator *ad litem* to represent the estate in the matter of a widow's allowance, where the widow is also administratrix. R. S. Mo. 1909, Sections 211, 289. (5) An allowance in lieu of provisions is not a demand within the meaning of Section 211, R. S. Mo. 1909. R. S. Mo. 1909, Section 289; Campbell v. Whitsett, 66 Mo. App. 444. (6) Even though the allowance be construed as a demand, appellant has no standing, because she has not attacked its allowance in the manner provided by law. R. S. Mo. 1909, Section 220.

ALLEN, J.—This is an appeal from a judgment of the circuit court of the city of St. Louis, reversing and setting aside a certain order of the probate court of said city.

The respondent, Elizabeth Fritch, is the widow of George W. Fritch, deceased, and is the administratrix of the estate of her husband. On January 9, 1911, at

the December term 1910, of said probate court, and while the estate was in process of administration therein, respondent, as the said widow of the deceased, made application to the court for an allowance to her in lieu of provisions, out of the funds on hand in said estate, under the provisions of sections 114 and 115 of the Revised Statutes of 1909.

Acting upon said application the probate court did, on the same day, enter an order appropriating to respondent the sum of six hundred dollars, in lieu of the grain, meat, vegetables, groceries and other provisions mentioned in section 114, supra, necessary for the subsistence of the widow for twelve months, and which were not on hand at the time of taking the inventory.

Thereafter, to-wit, on June 16, 1911, and at the June term, 1911, of said probate court, the appellant, Letitia L. Fritch, a creditor of said estate, filed a motion in the probate court praying for an order reducing the said allowance to respondent from six hundred dollars to two hundred dollars, upon the ground that the allowance made was excessive, that the estate was insolvent, and that respondent, as widow, had received her "absolute dower" of four hundred dollars, and her dower in the real estate, and should be satisfied with the amount of two hundred dollars, as an allowance in lieu of provisions.

Thereafter, on July 10, 1911, and at the same June term of said probate court, the latter made and entered an order reducing said allowance to respondent from six hundred dollars to the sum of three hundred dollars.

Thereupon the respondent appealed therefrom to the circuit court, and upon a trial there de novo, the latter court by its judgment vacated and set aside said order of the probate court of July 10, 1911; from which judgment Letitia L. Fritch, the intervening creditor, prosecutes this appeal.

The only question involved is whether the probate court had jurisdiction at a subsequent term to reduce the allowance originally made to the respondent as the widow of the deceased.

Appellant contends that the original order, made at the December term, 1910, of the probate court, was void, or at least voidable, for the reason that it was made *ex parte*, without either the appointment of an administrator *ad litem*, or notice to creditors or others interested in the estate; and that in any event it was not a final judgment, but was subject to review and correction at any time during the course of administration, prior to the final settlement of the estate.

It will be well, in the first place, to notice the statutory provisions concerning such an allowance to a widow, and the rule of decision prevailing with respect to the construction of these sections.

Section 114, Revised Statutes 1909, provides as follows:

"In addition to dower, the widow shall be allowed to keep as her absolute property a family Bible and other books, not to exceed two hundred dollars; all the wearing apparel of the family, her wheels, looms and other implements of industry; all yarns, cloth and clothing made up in the family for their own use; all grain, meat, vegetables, groceries and other provisions on hand provided and necessary for the subsistence of the widow and her family for twelve months; her household, kitchen and table furniture, including beds, bedsteads and bedding, not to exceed the value of five hundred dollars."

The next succeeding section, viz., section 115, is as follows:

"If the grain, meat or other provisions allowed the widow in the preceding section shall not be on hand at the time of taking the inventory, the court shall make a reasonable appropriation out of the assets of the estate to supply such deficiency."

These sections have been frequently construed by our courts with regard to the right of the widow in respect to the property mentioned in Sec. 114, and the allowance to her provided by section 115. In Campbell v. Whitsett, 60 Mo. App. 444, decided by the Kansas City Court of Appeals, in treating of the nature of the allowance provided to the widow in lieu of provisions, the court said:

"The year's provision allowed her is her absolute property. So if it be not on hand, the money in lieu thereof would be hers as her absolute property and not depending upon her place of residence after her husband's death. We deem this to be the logical result of the cases of Cummings v. Cummings, 51 Mo. 261, and Hastings v. Myers, 21 Mo. 519. . . .

"A judgment for the widow under this statute should be no more than a judgment establishing the claim; or an order appropriating assets, ascertained to be unappropriated, to the payment of the claim and ordering it paid."

In Waters v. Herboth, 178 Mo. 166, 172, in treating of what are now sections 114 and 115, supra, and section 116 which allows to the widow additional personal property not exceeding four hundred dollars in value as her absolute property, the Supreme Court said:

"Those sections were not designed to affect the final distribution, but the idea was to allow the widow to have those articles in the beginning.

"They were to be separated from the estate that was to be administered, to form no part of it, neither for the creditors nor the distributees; they were to be given to the widow in the first place, and it was only what was left after those articles were given to the widow that was to be treated as the estate to be administered.

"This is further shown by section 2, in the same chapter (now section 10, Revised Statutes 1909 which

is to the effect that if there is no more in the estate than those articles and that amount of money, there shall be no administration."

We are not, of course, directly concerned with the absolute property of the widow, of the value of four hundred dollars, allowed her under section 116, supra, but it is quite clear that the property mentioned in section 114 is the absolute property of the widow as well as that mentioned in section 116; and from the language employed by the Supreme Court in the opinion just referred to, it is equally clear that the allowance in lieu of the provisions mentioned in section 115 is to take the place of the latter, and is likewise regarded as her absolute property. If the grain, meat, vegetables, groceries and other provisions be on hand, for the subsistence of the widow and her family for twelve months, such becomes and is the absolute property of the widow, and does not enter into or form any part or parcel of the estate to be administered upon. And if such property be not on hand, the widow is entitled, as a matter of absolute right, to an allowance in lieu thereof, and the only discretion vested in the probate court with respect to the same pertains to the amount to be ascertained and appropriated to supply the deficiency.

In Lowe v. Lowe, Exrs., 163 Mo. App. l. c. 213, 146 S. W. 100, it is said:

"Section 115 provides that if the latter articles are not on hand a reasonable appropriation shall be made out of the assets of the decedent's estate to supply such deficiency. It appears to us that the policy of the law is to place the articles enumerated in section 114 upon the same footing as dower. The widow is as much entitled to the allowance in question as she is to the family Bible, her clothing and other articles enumerated in said section. It goes to her absolutely by operation of law and free from the debts and liabilities of the husband."

And upon this same question see, also, Bryant Admr. v. McCune, 49 Mo. l. c. 547; Whaley v. Whaley, 50 Mo. l. c. 582; Glenn v. Gunn, 88 Mo. l. c. 445; Martin v. Jones, 155 Mo. App. l. c. 497, 134 S. W. 1097; Nelson v. Troll, 173 Mo. App. 51, 156 S.W. 16; Estate of Ulrici, Thompson, Admr., v. Johnson, 177 Mo. App. 584.

From the foregoing, it quite clearly appears that the allowance to the widow in lieu of provisions is not to be regarded as a *demand* against the estate, as appellant apparently seeks to have us treat it, but that it is something to which the widow is entitled, as a matter of absolute right, and is upon the same footing, so far as the law can place it, as the articles themselves which under section 114 the widow is allowed to keep as her absolute property, and for the supplying of a deficiency therein the allowance is made. If the provisions themselves are not on hand, it is the imperative duty of the probate court to make an order appropriating sufficient funds out of the estate to supply such deficiency, to the extent at least that there are funds available therefor. And, with respect to this matter, the power of the probate court extends merely to the matter of ascertaining and appropriating such sum as in the court's discretion will supply the deficiency mentioned in the statute. And the widow's right to such allowance is absolute, regardless of whether the estate be solvent or insolvent, or whether such allowance renders it insolvent. Indeed we have but recently held that the property thus allowed to the widow is chargeable with no expense whatever, not even the costs and expenses of administration. [Estate of Ulrici v. Johnson, supra.]

And we are further fortified in our opinion that such allowance is not to be regarded in any sense as a demand against the estate, by the language of section 289, Revised Statutes 1909, relative to appeals from the probate court, which is as follows:

"Appeals shall be allowed from the decision of the probate court to the circuit court in the following cases: First, on all demands against an estate exceeding ten dollars; Second, on all settlements of executors and administrators; Third, on all apportionments among creditors, legatees or distributees; Fourth, on all orders directing the payment of legacies, making distribution *or making allowances to a widow,*" etc.

From this it appears that the lawmakers did not regard the allowance as being a demand against the estate; for had this been so, it would have been deemed included within the clause of the above section relating to demands, and there would have been no necessity to specially provide for appeals from "allowances to a widow."

With respect to such allowances, it is said by the Supreme Court in Whaley v. Whaley, supra:

"It was not an action to recover money or propetry or damages, but it was a right depending wholly upon the exercise of the discretion of the court. The judgment is erroneous because it is an absolute judgment against the executors, instead of an appropriation of the assets in their hands, as the law requires."

That such an allowance has the force of a judgment we think cannot be doubted, but the judgment is one merely determining the amount which the widow shall have to supply the deficiency mentioned, and appropriating the same; the widow's right thereto beeing paramount to the rights of creditors and others interested in the estate. The matter is, therefore, one of a nature peculiar to itself, and the proceeding is totally unlike the establishing of a demand or claim against the estate.

In this view, we are of the opinion that there no notice was necessary to creditors or others interested in the estate; and that where the widow is also administering upon the estate, there is no necessity for the appointment of an administrator *ad litem* upon appli-

cation being made by her for such allowance. The law makes no provision as to notice to creditors or others. In general, ''the law, in accordance with the principles of justice, . . . will require that notice be given before any person be passed upon, either in person, estate or any other matter or thing to which he is entitled, and although the statutes do not in terms require notice, the law would imply that such notice was intended.'' [See State ex rel v. Walbridge, 119 Mo. l. c. 394, 24 S. W. 457; State ex rel. v. Holtcamp, 245 Mo. 655, 670, 151 S. W. 153.] But as we have, in effect, said above, owing to the exceptional nature of this proceeding, and the absolute right of the widow in the premises, we think it cannot be said that any one was entitled to notice; for it is in no sense a controversy between the widow and the estate, or between her and creditors or others interested therein.

We are, therefore, of the opinion that the order made was not void or even voidable for the reason that it was made without the appointment of an administrator *ad litem* and without notice to creditors or others. On the other hand, we are fully persuaded that the order is in fact a judgment—a judgment ascertaining the amount of the allowance, and appropriating the same to the widow. [Campbell v. Whitsett; Whaley v. Whaley, supra.] And that it is a final judgment we think quite clearly appears from the provisions of section 289, Revised Statutes 1909, supra, providing for an appeal therefrom.

The immediate succeeding section, 290, provides that the appeal shall be taken during the term at which the decision complained of is made, or within ten days thereafter—or within twenty days if the appellant be a nonresident. And in this connection we may say that there must have been a purpose on the part of the lawmakers in providing that appeals may be taken from a judgment of the probate court within ten days, or twenty days, after the expiration of the term. The

object of this provision is evidently to afford an opportunity for persons interested in an estate, at or after the close of a term of such court, to ascertain what proceedings were had in the estate during the term, in order to exercise the right of appeal from any appealable order entered during such term. Bearing this in mind, it would seem that the view which we take of the matter before us does not, as appellant asserts, leave a creditor virtually without any recourse in the premises. Such right as a creditor has he is not wholly deprived of; for whether he has notice of the proceedings or not, he may exercise his right to appeal therefrom, provided of course he is diligent and prosecutes such appeal within the statutory period. Here no appeal was taken during the statutory period; but at the second term after that at which the allowance was made, and more than six months after the entering of such order, the petitioning creditor applied to the probate court to have respondent's allowance reduced.

In view of what we have said above, we think that when the order was made, and the term thereafter suffered to lapse, and no appeal was prosecuted therefrom within the statutory period, the order became a final judgment, and that the probate court was without jurisdiction to set it aside at a subsequent term, and that its act in so doing was null and void.

The argument of learned counsel for appellant, that such an order is interlocutory in its nature and is subject to review and correction at any time during the period of administration, and only becomes final upon the final settlement of the estate, does not appear to us as being sound, nor in keeping with the policy of our law with respect to allowances to the widow. As is said in Waters v. Herboth, supra, it was evidently the intention of the lawmakers to allow the widow to have the articles constituting her absolute property, or an allowance to supply the deficiency with

respect to provisions, in the very beginning. And it would by no means appear to be in keeping with the policy of the law on the subject to say that an allowance might be made to the widow at the beginning of the period of administration, designed for her subsistence for a period of twelve months, and which she will supposedly proceed to utilize and consume, and then to say that at any time prior to the final settlement of the estate the probate court may set aside the allowance and order her to refund a portion thereof.

We think that it clearly appears that the order is classed among those orders and judgments of the probate court which are final in their nature; and that since the right of appeal therefrom is specifically provided by statute, when the statutory time for appeal is allowed to pass, the power of the probate court over it is at an end and its judgment in the premises is final and binding upon all interested in the estate. In this connection see, also, In Re Stephens, 83 Cal. 322; 1 Woerner on American Law of Administration (2 Ed.) Sec. 93, p. 205; Pettee v. Wilmarth, supra.

And in this connection we may say that, in our opinion, section 220, Revised Statutes 1909, authorizing the probate court to vacate an order allowing a demand against an estate within four months after the allowance thereof, is here inapplicable, for the reason that such section applies alone to demands against an estate and not to an allowance to the widow with respect to her absolute property. And were it applicable, it would avail appellant nothing here, for the reason that it appears from the record that more than five months elapsed after the entry of the original order before the appellant sought to have the same set aside.

For the reasons given above the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.