Nora Williams, Appellant, v. Wyley L. Davis, Administrator
De Bonis Non of W. J. Williams, Deceased, Respondent.*

Springfield Court of Appeals.   May 20, 1930.

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ,
section 794, p. 245, n. 84.

*Von Mayes* for appellant.

*McKay & Peal* for respondent.

SMITH, J.—This cause was instituted in the Probate Court of Pemiscot county by Nora Williams filing the following petition on the 11th day of February, 1929, caption omitted:

"Now this day comes Nora Williams, widow of W. J. Williams, deceased, and represents and shows to the court that on the 9th day of February, 1928, her said husband, W. J. Williams, died intestate, and that immediately prior to his death she resided with her said deceased husband, in their home in Pemiscot county, Missouri, and at the time of the death of her said deceased husband he had fire insurance upon all the household, kitchen and table furniture, including beds, bedsteads and bedding, owned by him and used in their said home; that on the said 9th day of February, 1928, the said home of said deceased was destroyed by fire, together with said household, kitchen and table furniture, beds, bedsteads and bedding; that said deceased died prior to the destruction of said household, kitchen and table furniture, beds, bedsteads and bedding by fire, and thereafter the insurance company carrying said insurance upon said household, kitchen and table furniture, beds and bedsteads and bedding, paid to the administrator of the estate of said deceased, George Williams, the insurance money on said kitchen and table furniture, beds, bedsteads and bedding, exceeding the sum of $500; that the said administrator, George Williams, recently departed this life, and thereupon in due time one Wyley L. Davis, public administrator of said county, was duly appointed administrator *de bonis non* of the estate of her said deceased husband, who duly qualified as such and is now acting as same and has in his hands said insurance money; that by virtue of section 105, Revised Statutes 1919, this petitioner, as the widow of her said husband, upon his death, was entitled to keep as her absolute property all household, kitchen and table furniture, including beds, bedsteads and bedding, not to exceed the value of $500, and therefore she was the absolute owner of said household, kitchen and table furni-

ture, beds, bedsteads and bedding to the extent aforesaid at the time the same were destroyed by fire as aforesaid, and, the said administrator *de bonis non* holds said insurance money to the extent of $500 as trustee for petitioner and to which, by reason of her absolute ownership of said household, kitchen and table furniture, beds, bedsteads and bedding, at the time same were destroyed by fire, as aforesaid, she is entitled, and the sum of $500 of said insurance money should be paid over to her.

"Wherefore, petitioner prays the court to order and direct Wyley L. Davis, administrator *de bonis non* of said estate, to pay over said sum to petitioner, as the widow of said deceased, W. J. Williams, and for such other orders in the premises as may be just and proper."

Thereafter, the probate court of that county, on February 15, 1929, after hearing the evidence, ordered the administrator to pay the petitioner $500 of the insurance money. The administrator appealed to the circuit court of that county, where on the 1st day of June, 1929, the cause was submitted to that court on an agreed statement of facts, and a judgment was rendered in favor of the defendant. Proper steps were taken by the plaintiff for an appeal to this court.

The agreed statement of facts upon which the judgment was rendered, is as follows:

"It is hereby agreed and stipulated between the parties to this proceeding, Nora Williams, the widow of W. J. Williams, deceased, and Wyley L. Davis, administrator *de bonis non,* of said deceased, that the said W. J. Williams died intestate on the 9th day of February, 1928; that at the time and prior to his death said deceased resided with said Nora Williams as her husband in their home or dwelling house in Pemiscot county, Missouri; that prior to the death of said deceased he took out insurance against loss by fire upon the household, kitchen and table furniture, including beds, bedsteads, and bedding, owned by him and used in their said home, and that on the said 9th day of February, 1928, after the death of said deceased, said household, kitchen and table furniture, including beds, bedsteads, and bedding, were destroyed by fire; that said insurance was payable to the deceased and in case of his death to his legal representative; that said insurance, to an amount in excess of $500 was collected by the legal representative of said deceased, which is now in the hands of the said Wyley L. Davis, as administrator *de bonis non* of said deceased; that at the time of the death of said deceased the Federal Land Bank of St. Louis, a corporation, held a mortgage on said dwelling house and the insurance policy covering said insurance on said household goods contained a clause attached thereto making said insurance payable to said mortgagee, the Federal Land Bank of St. Louis, but said mortgagee waived its right to said insurance on said household, kitchen and table furniture, beds, bedsteads and bedding, and agreed that said insurance thereon should

be· paid to the legal representative of said deceased, which was done, being· in excess of $500.

"It is further stipulated and agreed between the parties to this proceeding that the facts as above stated shall be considered by the court as evidence of this case and the court may render judgment in this proceeding according to such facts and· the law."

The plaintiff seeks ·a reversal of this judgment because of the assignments of error set out in her motion for new trial, as follows:

"1st. Because the judgment and .decision of the court is against the law and against the evidence and against the law under the evidence or the agreed statement of facts, and is and was for the wrong party. ·

"2nd. Because under the agreed statement of facts filed in said cause and the law the court should have found for the plaintiff as prayed for in her petition."

There can be no question but that under the facts shown here, the personal property at the exact time of the fire belonged to the plaintiff, her husband ·having died on the same day of, but prior to, the fire. And said property was exempt from the claim of her husband's creditors. [Sec. 105, R. S. Mo. 1919; Griswold v. Mattix, 21 Mo. App. 282; Hastings v. Myers, 21 Mo. 519; In re Ulrici's Estate, 160 S. W. 812.]

We have a statute, section 109, Revised Statutes 1919, which provides that if the widow does not receive the property allowed as her absolute property under the provisions of ·section 105, Revised Statutes 1919, and the same be sold by the administrator, the court shall order the money to be paid to the widow at any time before the same be paid out for debts or be distributed. It is true that this property was not sold for cash in the sense of a sale of property, yet it was turned into cash by reason of the fire, and the insurance thereon, and the administrator held· the cash, and the probate court ordered it paid to the widow, in keeping with the provisions of section 109, supra, and the circuit court reversed that order.

We think in face of the above statute it makes no difference whether the money came into the administrator's hands by reason of a fire which turned her property into cash or a sale which turned it into cash. In an opinion written by NORTON, J., in the case of In re Ulrici's Estate, 160 S. W. 812, 814, we find very pertinent language, which we·think in point in this case, as follows:

"Woerner's Am. Law of Admr. (2 Ed.), 86, pp. 176, 177, says: 'The right of the widow to the money or property allowed for her and her family's temporary support is| held in some states to be absolute, and to vest at once upon the husband's death'—and cites ·in the note in support of· the text Hastings v. Myers, 21 Mo. 519; McFarland v. Baze, 24 Mo. 156, holding that· it passes at once upon the husband's death, discharged of the lien of the debts, and may be as-

signed by her by deed even without consideration, citing Cummings v. Cummings, 51 Mo. 261.

"In the more recent case of Waters v. Herboth, 178 Mo. 166, 172, 77 S. W. 305, the Supreme Court says that these sections of the statutes—that is sections 114, 115, 116—give certain articles and $400 to the widow. Moreover, the court says, 'These sections were not designed to affect the final distribution, but the idea was to allow the widow to have those articles in the beginning. They were to be separated from the estate that was to be administered, to form no part of it, neither for the creditors nor the distributees; they were to be given to the widow in the first place; and it was only what was left after those articles were given to the widow that it was to be treated as the estate to be administered.' This language of the Supreme Court is conclusive to the effect that the absolute allowance to the widow became her property, and formed no part of the estate to be charged with expenses of whatever kind. Indeed, section 118 of the statutes fortifies the thought in that it provides that if the widow does not receive the property thus allowed her and it is sold by the administrator, the court shall order the money to be paid to the widow at any time before it is paid out for debts or be distributed. From this it seems to be clear that her right is absolute in the property, especially when an application is made in due time, as was the case here, under section 117."

We think the trial court committed error in its judgment. The judgment is reversed and the cause remanded with directions that judgment be entered in favor of the plaintiff for the amount sued for in her petition. *Cox, P. J.*, and *Bailey, J.*, concur.