J. W. NIDY, APPELLANT, v. MASON S. RICE, RESPONDENT.—44 S. W. (2d) 196.

Kansas City Court of Appeals. December 7, 1931.

*W. M. Morton* for respondent.

*Sterling P. Reynolds* for appellant.

ARNOLD, J.—This is an appeal from a decree of the circuit court of Buchanan county, Missouri, allowing the widower of decedent, Lulu J. Rice, the sum of $700, in lieu of grain, meats and other provisions necessary for the sustenance of himself and family for twelve months following decedent's death. The widower also was allowed, on application, $400, absolute property; but this allowance is not involved in this appeal.

The facts presented by the record are simple and may be stated as follows. Mason S. Rice is the widower of Lulu J. Rice, who died October 8, 1926, in Buchanan county, Missouri. Decedent left a will dated May 15, 1915, devising certain farm lands to her husband, respondent herein, and naming him as executor of the will, without bond. The widower applied to the probate court of said county for an allowance in lieu of grain, meats and other provisions necessary for the sustenance of himself and family for twelve months. The application also included an allowance request in the sum of $400, absolute property. The probate court allowed claimant $720 for his first year's support and the item of $400 absolute property. From the allowance of $720 for maintenance, the appellant herein appealed to the circuit court, where, on trial *de novo,* he testified he was a brother of decedent. The court required an appeal bond in the sum of $100, which was filed and approved. Defendant then filed his motion to require plaintiff to file a sufficient appeal bond which said motion was overruled. On hearing in the circuit court, testimony was taken, resulting in a judgment for defendant, as follows:

". . . the court finds that Mason S. Rice is the widower of Lulu J. Rice, who died in October, 1926; that there was no grain, meat,

vegetables or groceries on hand at the time of her death and that the said Mason S. Rice is entitled to an allowance in lieu thereof by virtue of sections 105 and 106 of the Revised Statutes of Missouri, 1919, of seven hundred dollars.

"Wherefore, it is ordered, adjudged and decreed by the court that Mason S. Rice have and recover of and from the estate of Lulu J. Rice, deceased, the sum of seven hundred dollars as an allowance to the widower, Mason S. Rice, in accordance with sections 105 and 106 of the Revised Statutes of Missouri, 1919, and it is further ordered, adjudged and decreed that the clerk of this court transmit to the probate court of Buchanan county, Missouri, a certified copy of this order and judgment and that the costs hereof be taxed against said estate of said Lulu J. Rice."

A motion for a new trial was overruled and plaintiff appealed to this court, as above stated.

Before proceeding to a discussion of the merits of the appeal, it is necessary to dispose of defendant's motion to dismiss the appeal, filed September 30, 1931, on two grounds. (1) That plaintiff has failed and refused to file a bond for appeal from the order of the probate court as required by section 285, Revised Statutes 1919 (section 288, R. S. 1929) ; (2) that appellant, upon the face of the record, has no such interest as an heir, devisee, legatee, creditor or other person, in the estate under consideration, as to entitle him to maintain this appeal.

Sections 288 and 290, Revised Statutes 1929, determine against defendant's contention the point raised in the first objection named in the motion to dismiss the appeal. Section 288, in part, reads:

"Every such appellant shall file in the court the bond of himself, or some other person, in a sum and with security approved by the court, conditioned that he will prosecute the appeal, and pay all debts, damages and costs that may be adjudged against him."

And section 290, provides:

". . . but no appeal shall be dismissed in the appellate court for failure to file affidavit or bond, or because of a defective affidavit and a bond to the satisfaction of the court in which the appeal may be pending."

The record herein discloses the appeal bond in the sum of $100 was filed and approved by the probate court.

The second point raised in the motion to dismiss must necessarily be determined by our ruling on the merits. There are six assignments of error, and these are presented under eight sub-headings in the brief. It is first urged the circuit court erred in allowing the sum of $700, or any other amount to defendant because, under the law, he was entitled to none. It is argued defendant gets no right to any allowance under section 306, Revised Statutes 1929, and that

under section 324, Revised Statutes 1929, of the dower act, he gets one-half of the estate subject to the payment of the debts of deceased; that there is no provision in the act for defendant to receive any part not mentioned in section 324, and therefore he takes no other. The statutes upon which defendant relies are as follows: Section, 105, Revised Statutes 1919 (106, Revised Statutes 1929), which reads:

"Articles allowed widower or widow as absolute property. In addition to curtesy and dower, the widower or widow shall be entitled to keep as his or her absolute property a family Bible and other books, not to exceed two hundred dollars; all the wearing apparel of the family, all implements and articles of domestic industry, all yarns, cloth and clothing made up in the family for their own use; all grain, meat, vegetables, groceries and other provisions on hand and provided and necessary for the sustenance of the widower or widow and family for twelve months; all household, kitchen and table furniture, including beds, bedsteads and bedding, not to exceed the value of five hundred dollars."

And section 106, Revised Statutes 1919 (107, Revised Statutes 1929), as follows:

"Property not on hand, court to make allowance. If the grain, meat or other provisions allowed the widower or the widow in the preceding section shall not be on hand at the time of the taking of the inventory, the court shall make a reasonable appropriation out of the personal assets of the estate to supply such deficiency; provided, that if there be not sufficient personal assets in the estate available for such purposes, then the court may order the administrator or the executor of said estate to mortgage for a term not exceeding one year, or to sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowance, such sale to be made subject to any homestead rights in real estate, mortgaged or sold, and subject to any existing liens thereon, the sale so made to be conducted in the same manner and under the same proceedings as provided by law for sale of real estate of a deceased person to pay debts of the estate."

It is necessary at this point to revert to the evidence which shows defendant was the husband of decedent; that she died October 8, 1926; that her estate consisted of personal property, no real estate being inventoried; that the approximate value of the personal estate was $2,000; the inventory did not list any grain, meat, vegetables, groceries or other provisions; that the widower made application for such allowance, and an order fixing the amount was entered by the probate court. The testimony of witnesses William D. Means and James L. Woodward was to the effect that each had visited in the home of decedent and defendant while Mrs. Rice was living and had observed the manner in which they lived and suppled themselves

with food; that, in their opinion, $2 per day was a reasonable sum for the sustenance of defendant. J. W. Nidy, presumably the plaintiff herein, was the only witness introduced for plaintiff and his testimony was that $1 per day was ample for defendant's sustenance. Of course the court was not bound by the testimony of either side. In support of his argument, plaintiff insists section 106, Revised Statutes 1919 (107, Revised Statutes 1929), does not apply to the case at bar, because there is no family left in this instance. The statute itself fixes the amount of the allowance as that which is "necessary for the sustenance of the widower or widow and family for twelve months." The statute, however, does not say for the family of the widower or widow, and we hold the language must be construed to mean that an allowance shall be made in an amount necessary for the sustenance of the widower or widow, if there be no other members of the family, and if there be other members of the family, the amount allowed may be sufficient for their sustenance in addition to the amount allowed the widower or widow. We rule against plaintiff on this assignment and hold the statute gives the widower the right to an allowance, the amount of which is properly determined by the court upon the evidence. It is not our province to pass upon the weight of the evidence. The question was determined by the trial court and we are not authorized to disturb its finding, unless there is some showing that the court abused its discretion. There is no such showing here. [Mahon v. Fletcher's Estate, 245 S. W. 372; Nelson v. Troll, 173 Mo. App. 51, 156 S. W. 16.]

Plaintiff further urges defendant does not inherit from his wife as an heir, and may not so take; that the husband's right comes under the dower act; that the statute abolishing curtesy does not repeal section 324, Revised Statutes 1929, citing cases on this point. The weakness of plaintiff's position in this respect lies in the fact that defendant is not claiming as an heir of decedent, but as her widower and is asking for allowance as such, under the law. This point needs no further discussion.

Appellant urges that if the allowances made defendant are paid, it will take about two-thirds of the estate and that this is "extremely unfair." We rule the amount and value of the estate affords no basis from which an allowance may be made. It matters not if such allowance exhaust the estate. [Waters v. Herboth, 178 Mo. 166, 77 S. W. 305; In re Fritch's Estate, 179 Mo. App. 434, 164 S. W. 659.] In the case last cited it was held:

". . . the widow's right to such allowance is absolute, regardless of whether the estate be solvent or insolvent, or whether such allowance renders it insolvent."

It has been held the law makes no difference between the indigent

and the opulent in respect to the bounty allowed the widow or widower; that creditors cannot seize, nor should bequests defeat it. The widow or widower is entitled to it in preference to creditors of any kind for the ordinary debts of decedent, expenses of last sickness, or funeral expenses and charges for settling the estate. [In re Ulrici's Estate, 177 Mo. App. 584, 160 S. W. 812.] Plaintiff's position would seem to be that defendant should be denied the rights of the allowance if, wholly or in part, it would deprive direct or collateral heirs of part of the estate. Under the law, as above cited, this position is not sound. The record is devoid of any showing that there were direct descendants or, in fact, any collateral heirs, unless it might be determined from the testimony of plaintiff on the witness stand to the effect that he was a brother of decedent. The material questions involved herein were discussed and determined against plaintiff's contention by the Springfield Court of Appeals in the case In re Stambaugh, 210 Mo. App. 636, 235 S. W. 472. But plaintiff insists the ruling in the Stambaugh case is in conflict with the opinions of the Supreme Court in Griffith v. Canning, 54 Mo. 282, and in Young v. Boardman, 97 Mo. 181, and asks to have the cause certified to the Supreme Court for the purpose of determining the question. It was held in Martin v. Jones, 155 Mo. App. 144, 134 S. W. 1097, that the ruling in the Griffith case, in effect, was overruled in State ex rel. Steers v. Taylor, 72 Mo. 656. And an examination of the case of Young v. Boardman shows it deals with and determines the rights of insane widows as to waiver, and has no direct application here. Plaintiff's request to certify the cause to the Supreme Court must be refused.

Finding no reversible error of record, and for reasons above stated, the judgment must be affirmed. It is so ordered. All concur.