In Matter of the ESTATE OF Mary B. ARNDT, Deceased.

Lee ARNDT, Respondent,

v.

Arthur DeMENT, Appellant.

No. WD 44107.

Missouri Court of Appeals, Western District.

Sept. 10, 1991.

Stephen K. Nordyke, Butler, for appellant.

Ralph E. Smith, Butler, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

A son of a decedent appeals from an order allowing the sum of $12,000 to the decedent's surviving husband as a family allowance. Section 474.260, RSMo (1986).

The son says $12,000 is too much.

What constitutes a reasonable allowance in a given case is "within the discretion of the court, guided by the circumstances of the case." *Mahon v. Fletcher's Estate,* 245 S.W. 372, 375 (Mo.App.1922). This remedial statute is to be "given the most liberal construction possible in order to effectuate [its] benign and salutary purpose." *Jaeglin v. Moakley,* 236 Mo.App. 254, 151 S.W.2d 524, 527 (1941). The standard of appellate review is fixed by Rule 73.01(c) and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The decedent's real estate was appraised at $48,500. It consisted of 40 acres in Bates County with a residence on it, where the decedent and her husband had lived at the time of her death and where the widower continued to live afterwards, until the property was sold, which was after the order appealed from. All her other probate estate was tangible personal property appraised at $7,240, a car worth $4,200, and an $18.17 check. Appellant's brief lists claims administration expenses and claims against the estate totaling $4,101.10, so there was a net estate of $55,857.07.

The couple's combined monthly income before decedent's death was $1,262. It consisted of husband's social security and an employee's pension totalling $742. Decedent received $520 per month social security.

Section 474.260 says the surviving spouse is entitled to a reasonable allowance in money out of the estate for his maintenance during the period of one year after the death of the spouse. The statute, besides setting up the standard of reasonableness, provides the court shall take into account the previous standard of living, and the condition of the decedent's estate. The court is also to consider the aggregate value of non-probate property coming to the surviving spouse from the decedent by means described in section 474.163.

There is no reason to believe the court did not take into account the surviving husband's and the deceased wife's standard of living. The couple, although living in their own property on which they owed nothing, spent all their $1,262 monthly income and went beyond that by borrowings and credit card purchases. The allowance of $12,000 would not allow surviving spouse to live more comfortably or expensively than he had lived while his wife was alive.

The condition of the estate, with its net value of $55,857.07, is only one factor to be considered by the court, along with others, but its condition does not make the $12,000 allowance unreasonable.[1]

---

**1.** In *McDonnell v. Oxler's Estate,* 235 S.W.2d 568 (Mo.App.1951) this court rejected the contention that the statutory language "taking into account the condition of the estate" was meant to limit

Surviving spouse had succeeded to a total of $367.28 in non-probate bank accounts by means described in § 474.163. There is nothing in the case to indicate the trial court did not consider the money thus received by surviving husband.

The trial court may consider any factor bearing upon the reasonableness of a given amount for the family maintenance allowance, even though the consideration of such factor is not specifically mandated. The appellant points out that surviving spouse's actual living expenses for the year following his wife's death were $5,294.52. It is not clear that this list was comprehensive. It included no amount for housing. Surviving spouse continued during that year to live in decedent's house where the couple had lived at the time of her death and before. He testified the house had cost $150,000 to build on the 40–acre tract. The rental value could have been substantial. Although he had lived there without payment of rent, the receipt of collateral benefits, such as cost-free housing, need not be given decisive effect. Ordinarily family allowances are made soon after decedent's death and it is not possible to predict what gratuities may be received by surviving spouse, or what income he or she may receive. *See In re Rash's Estate,* 256 S.W. 525 (Mo.App.1923) ("In passing upon 'reasonableness' of the appropriation, the probate court's view of the twelve months

[is] necessarily prospective." *Id.* at 527.) *See also* Annotation, *Amount of Allowance from Decedent's Estate for Widow and Family Where Not Fixed by Statute,* 90 A.L.R.2d 687 (1963).

In this case, also, surviving spouse remarried three months after decedent's death. Appellant complains on appeal that he was not permitted to show that the new wife had social security income which she contributed for his expenses. This, like the cost-free housing, is collateral. Evidence of the amount the new wife voluntarily contributed, and its sufficiency or insufficiency to cover her personal expenses, would open up a new field of collateral inquiry. The trial court has a certain discretion in allowing or disallowing evidence of tenuous relevancy. *Boehmer v. Boggiano,* 412 S.W.2d 103, 110 (Mo.1967); *Weatherly v. Miskle,* 655 S.W.2d 842 (Mo. App.1983). In this case, we cannot hold the trial court abused its discretion in disallowing the evidence.

Judgment affirmed.

---

the amount of the allowance according to the value of the estate. *Id.* at 571. Further, this court has held that the amount and value of the decedent's estate affords no basis for the amount of the allowance. *Nidy v. Rice,* 226 Mo.App. 610, 44 S.W.2d 196, 198 (1931). "It matters not if such allowance exhaust the estate." *Id.*